**In re Marijke A. WILSON, Debtor.**

**Bankruptcy No. 88 B 30397.**

United States Bankruptcy Court, N.D. Illinois, W.D.

April 19, 1988.

Mary P. Gorman, Rockford, Ill., for petitioner.

Robert Wilson, Sycamore, Ill., for respondent.

MEMORANDUM OPINION
AND ORDER

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter came before the Court on the Motion of the Chapter 13 Trustee to Dismiss the above-captioned Chapter 13 case. Attorney Mary Gorman represents the Trustee. Attorney Robert Wilson represents the Debtor.

The Debtor filed a Chapter 13 case, No. 87 B 31499, on October 14, 1987. A creditor, Regency Savings and Loan Association, filed a Motion for Relief from Automatic Stay on November 12, 1987. On November 25, 1987, the Debtor filed a Motion to Dismiss her Chapter 13 case and an Order was entered dismissing the case on said Motion on November 30, 1987. The Debtor filed this case on March 16, 1988.

The Debtor offers no defense to the application of Section 109(g)(2), and the Court concludes that the case should be dismissed.

      \*      \*      \*

The Trustee further requests the Court to prohibit the Debtor from filing another case under Chapter 11 or 13 for a period of 2 years, by reason of the Debtor's failure to file schedules, a statement of affairs, or a plan in the first case. The court finds that although the imposition of such sanctions, above and beyond the 180 day bar of 109(g)(2), is within the discretion of the Court where circumstances warrant, the facts here are not sufficiently compelling to do so.

      \*      \*      \*

A final question is whether the running of the 180 day bar of Section 109(g)(2) should be tolled during the time a case is filed in violation of Section 109(g)(2), as here.

It would be possible to postpone confrontation of that issue until the Debtor files a third case, if she does. Nevertheless, this Court believes it is more sensible and efficient to deal with the issue now so that the Debtor is apprised of when she is next eligible to file a Voluntary Petition in Bankruptcy.

Here, the Order of Dismissal was entered in the first case on November 30, 1987. If the running of the 180 day bar following dismissal of the first case is not tolled while this case is pending, the Debtor will be able to file a third case on May 30, 1988, only a month and a half away, without violating the prohibition of Section 109(g)(2) from the first case. In the meantime, the Debtor has had the benefit of the automatic stay during the time this case was wrongfully pending.

It would appear that any debtor's attorney worth his salt could file a case in the face of Section 109(g)(2) and postpone resolution of the 109(g)(2) issue for all or most of 180 days, thereby nullifying the Congressional intent underlying Section 109(g)(2). Section 109(g)(2) is thereby transformed from a provision to eliminate abuse and reduce creditor harrassment, as Congress intended, to a provision which invites even greater abuse and harrassment.

The Court concludes, therefore, that where a Debtor files a case in violation of Section 109(g)(2), the running of the 180 day prohibition of Section 109(g)(2) is tolled from the time of filing the case until it is dismissed pursuant to Section 109(g)(2). This case was filed on March 16, 1988, and is being dismissed today, April 19, 1988, a total of 34 days. The running of the 180 day prohibition of Section 109(g)(2) from the Debtor's first case is, therefore, tolled for a period of 34 days.

IT IS SO ORDERED.