**In re Leroy BERTS, Jr. and Ellen Berts, Debtors.**

**Bankruptcy No. B88–04211.**

United States Bankruptcy Court,
N.D. Ohio.

Memorandum Feb. 17, 1989.

Judgment Filed March 3, 1989.

Richard C. Foote, Shaker Heights, Ohio, for debtors.

Edward G. Bohnert, Lyndhurst, Ohio, for creditor.

## MEMORANDUM OF DECISION

DAVID F. SNOW, Bankruptcy Judge.

This matter is before the Court on the objection of Mellon Financial Services Corp., # 8 ("Mellon") to confirmation of the Debtors' Chapter 13 plan (the "Objection"). Mellon holds the first mortgage on the Debtor's home. The Objection also includes a motion by Mellon to dismiss the Debtors' case, and a motion for sanctions against the Debtors and their attorney, Richard C. Foote. The Objection and the motions are sometimes referred to collectively as the "Motions".

This is the Debtors' third Chapter 13 case filed in this Court within the last four years. Although the Motions include some allegations of bad faith, the bad faith alleged appears to boil down to Debtors' multiple filings in general and, in particular, the fact that their second case was filed in violation of section 109(g)(2) of the Bankruptcy Code.

Debtors' have filed a brief and supplemental brief in opposition to the Motions. Neither party has requested an evidentiary hearing, and each appears to perceive the validity of Mellon's Objection turning on the interpretation of section 109(g)(2). The motion to dismiss Debtor's case would also turn on the same point and Mellon's interpretation of section 109(g)(2) would be a necessary if not sufficient ground for the sanctions sought by Mellon. The findings noted below are based upon the papers filed by the parties and the Court's records in the three cases as these appear relevant.

Mr. Foote represented the Debtors in each of their three Chapter 13 cases. Their first case was filed on May 1, 1985. After several adjournments the plan in that case was confirmed at a hearing on September 5, 1985, as reflected in an order dated September 6, 1985. Although it does not appear that Mellon objected to confirmation in that case, it did file a motion to vacate the automatic stay on October 4, 1985. In an apparent compromise of that motion, an agreed order was filed on November 5, 1985, obligating the Debtors to make periodic payments on the mortgage debt and, in the event of the Debtors' default, authorizing Mellon to obtain relief from stay upon filing an affidavit of default. In May, 1987, Mellon filed its affidavit of default and on May 29, 1987, an order was entered by the Court granting Mellon relief from stay. The Debtors did not dispute Mellon's right to relief from the stay or seek to reimpose the stay. However, the Debtors continued to make payments under the plan until March, 1988. On March 28, 1988, the case was voluntarily dismissed on the Debtors' motion.

This sequence of events clearly sets the stage for invoking the 180–day filing freeze under section 109(g)(2). The filing freeze is mandated under section 109(g)(2) if "the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title."

Debtors' second case was filed on June 2, 1988, which was only 66 days after dismissal of the first case on March 28, 1988 and only one day after the closing of the first case on June 1, 1988. The plan in the second case came on for hearing on July 26, 1988. Mellon objected to confirmation on the ground that the case had been filed in violation of section 109(g)(2); the Court sustained that objection and dismissed the case. The order reflecting that dismissal was signed on August 3, 1988. On August 5, 1988, the Court also signed an order dismissing the case and terminating the wage deduction in which it was recited that Debtors had voluntarily requested dismissal of the second case. A review of the record reveals that the case was in fact dismissed from the bench at the July 26 hearing, and therefore that the finding of violation of section 109(g)(2) in the August 3rd order reflected the judgment of the Court.

Therefore any question as to whether Debtors' second case violated section 109(g)(2) appears to have been decided in that case and is now *res judicata*. But even if the issue were open, it appears clear that the second case did in fact violate section 109(g)(2). At the hearing on confirmation of the plan in the third case, Mr. Foote did not appear to dispute this conclusion. Instead he suggested that section 109(g) would be a problem only if the issue were raised and that it might not be raised. Debtors make the point in their supplemental brief, however, that the timing of the events in the first case in fact afforded Mellon more than the 180 days provided in section 109(g) to pursue foreclosure prior to the filing of Debtors' second case and, therefore, that Mellon had the practical benefit of the 180–day freeze provided by section 109(g). Although this point has some practical appeal, it cannot override the clear language of section 109(g) which provides that: "Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case *pending* under this title at any time in the preceding 180 days ..." (emphasis added) There seems no way to interpret the word "pending" which would exclude the period during which the Debtors continued to make payments, and no step had been initiated, let alone consummated, to dismiss or close the case.

The nub of debtors' position is that the present case was filed well in excess of 180 days after the first case was dismissed (although it was filed only 159 days after the first case was closed). Although this case was filed only 94 days after the second case was dismissed on August 5th, and only four days after that case was closed on November 3, 1988, Debtors argue that the dismissal of the second case invoked none of the 180–day freeze criteria under section 109(g).

Although literally correct, this approach would vitiate the purpose of section 109(g). The obvious thrust of that section is to preclude the debtor from denying the creditor the benefit of termination of the stay by filing another case reimposing the stay.

The parties cited no case on point, but insofar as the Court can discover, the cases considering this issue have reached the same conclusion. *In re McIver*, 78 B.R. 439 (D.S.C.1987); *In re Wilson*, 85 B.R. 72 (Bankr.N.D.Ill.1988). Therefore the Court will sustain the Objection and dismiss the present case on the ground that as it was filed in violation of section 109(g)(2).

There remains the issue of the sanctions requested by Mellon. It appears to the Court that sanctions, if warranted, should relate primarily to the second case. That case appeared to involve a clear and admitted violation of section 109(g)(2). In this case, however, the result reached by the Court, although the Court believes it to be the only sound result, is not compelled by the literal language of section 109(g)(2) and in the absence of controlling authority in this District, the Court does not view that filing so abusive as to warrant sanctions against either the Debtors or their attorney, Mr. Foote. Apparently Mellon agrees with the Court's conclusion, since it withdrew the request for sanctions at the hearing on January 17, 1989. However, in view of the Debtors' history of multiple filings and their disregard of section 109(g)(2) in filing their second case, the Court deems it appropriate to enjoin Debtors from filing for relief under any chapter of the Bankruptcy Code for 180 days from the date the order dismissing this case is entered. Therefore the Court orders the Debtors not to file for relief under the Bankruptcy Code for 180 days from and after the date of the order dismissing this case.