In re Joel D. **GREGORY** and Mona L. Gregory, Debtors.

Bankruptcy No. 89–03410–M13.

United States Bankruptcy Court, E.D. Missouri, E.D.

Sept. 28, 1989.

Peggy T. Hardge–Harris, St. Louis, Mo., for debtors.

Gary L. Vincent, Clayton, Mo., for movant.

John V. LaBarge, Jr., St. Louis, Mo., trustee.

James S. Cole, St. Louis, Mo., Asst. U.S. Trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Chief Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A), which the Court may hear and determine.

### PROCEDURAL AND FACTUAL BACKGROUND

The procedural and factual history of this case is not in dispute. Joel Dwayne Gregory and his wife, Mona Lisa Gregory, filed a Chapter 11 case (Case No. 88–01651–DPM) on May 20, 1988. During the months that followed, eight different Motions For Relief From Stay were filed by various creditors. The eighth Motion For Relief From Stay was filed by C.F. Service, Inc. on April 28, 1989. The Trustee had filed his Motion To Convert from Chapter 11 to Chapter 7 on September 16, 1988, which was set on several occasions and continued upon the request of the parties. Finally, Trustee's Motion To Convert was heard on May 1, 1989. On that same day, the Debtors filed their Motion To Dismiss. Upon consideration of the record and arguments of counsel, including attorneys for various creditors, the Court found that pursuant to 11 U.S.C. § 1112(b)(1), (2), (3) and (5) that it was in the best interest of creditors and the estate to dismiss the Chapter 11 case. The Debtors' Motion To Dismiss was sustained, the voluntary Chapter 11 petition was dismissed effective May 1, 1989, and the automatic stays of 11 U.S.C. § 362 were terminated. The Motion For Relief From Stay, which had been filed by C.F. Service, Inc. was pending on the day of the dismissal.

Subsequent to said dismissal, the Movant scheduled a foreclosure sale of the Debtors' residence at 7133 Cambridge, University City, Missouri. On August 15, 1989, Debtors filed their voluntary petition under Chapter 13 of the Bankruptcy Code, thus preventing the foreclosure.

On August 16, 1989, C.F. Service, Inc. filed their Motion To Dismiss the current Chapter 13 case. The Movant argues that the Debtors were not eligible to file the

current Chapter 13 case pursuant to 11 U.S.C. Section 109(g).

DISCUSSION

 Section 109(g)(2) of Title 11 of the United States Code provides:

"§ 109. Who may be a debtor.

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title."

A review of the history of these Debtors clearly reveals that the Gregorys requested and obtained the voluntary dismissal of their Chapter 11 case following the filing of a request for relief from the automatic stay provided by 11 U.S.C. § 362. Therefore, by the operation of Section 109(g)(2) the Debtors were not eligible to file their Chapter 13 case until October 30, 1989. *See In re Bigalk*, 813 F.2d 189 (8th Cir. 1987).

 The Movant also raises a second and important issue as to whether the counting of the 180 day bar, as provided in Section 109(g)(2), is tolled by a subsequent premature bankruptcy filing. The purpose of 11 U.S.C. § 109(g) is to prevent abusive filings. If it were not for this section, it would be possible for a debtor to delay foreclosure and deny the secured creditor the opportunity to have their rights adjudicated within a reasonable period of time. If the filing of a subsequent premature petition did not toll the running of the 180 days, it would be very simple to render Section 109(g) ineffective and meaningless by the act of dismissing and refiling bankruptcy petitions, whenever foreclosure loomed on the horizon. *See In re Wilson*, 85 B.R. 72 (Bankr.N.D.Ill.1988). The Court therefore concludes that where a debtor files a case in violation of Section 109(g)(2), the running of the 180 days is tolled from the time of filing the premature case until it is dismissed pursuant to Section 109(g).

The first Chapter 11 case was dismissed upon the request of the Debtor, when a Motion For Relief From Stay was pending, effective May 1, 1989. Accordingly, the Debtors were not eligible to file a new petition until October 30, 1989. Since the Debtors actually filed their subsequent premature Chapter 13 petition on August 15, 1989, which the Court is dismissing on September 28, 1989, the prohibitions set forth in Section 109(g) were tolled for 44 days. Therefore, Joel D. Gregory and Mona L. Gregory are barred, pursuant to 11 U.S.C. § 109(g)(2), from filing as debtors under Title 11 of the Bankruptcy Code until on or after December 13, 1989.