In re Michael CARTY and Patricia Carty, Debtors.

Paul GREENWELL, Appellant,

v.

Michael CARTY and Patricia Carty, Appellees.

BAP No. AZ–92–1260 RJM.

Bankruptcy No. 90–12236–PHX–RTB.

United States Bankruptcy Appellate Panel, of the Ninth Circuit.

Argued and Submitted Nov. 18, 1992.

Decided Jan. 22, 1993.

Robert V. Ward, Chandler, AZ, for Paul Greenwell.

No appearance for appellees.

Before RUSSELL, JONES and MEYERS, Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge:

The creditor appeals the bankruptcy court's authorization of the refiling of a new bankruptcy petition by the debtors after dismissal of a previous petition which was improperly filed within the 180–day period proscribed by 11 U.S.C. § 109(g)(2) [1]. We AFFIRM.

---

1. Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* and to the Federal Rules of Bankruptcy Procedure, Rules 1001 *et seq.*

## I. FACTS

The facts are not in dispute. On January 5, 1989, appellant Paul Greenwell ("Greenwell") was awarded a stipulated judgment against the debtors/appellees Michael and Patricia Carty ("the Cartys") in the amount of $3,883.69 in Arizona Superior Court.

On April 3, 1989, the Cartys filed for Chapter 13 relief. The case was voluntarily dismissed on August 3, 1990 [2], after the trustee recommended dismissal for failure to make regular and timely interim payments for eleven months, and after a unrelated creditor, Bancplus Mortgage Corporation, had moved for an order lifting the automatic stay. The motion to lift the stay was granted on January 12, 1989.

On August 21, 1989, Greenwell applied for a writ of garnishment. The Arizona Superior Court issued the writ of garnishment and ordered a continuing lien on November 9, 1990.

On November 19, 1990, the Cartys filed another Chapter 13 petition for relief, 108 days after the dismissal of the last Chapter 13.

Ten months later, on September 18, 1991, Greenwell filed a motion to dismiss the second Chapter 13 case. The bankruptcy court heard arguments on November 13, 1991. The court found that the second Chapter 13 petition was indeed filed within the 180-day period prohibited by § 109(g)(2).

The court further ruled that at the time of the hearing, there was no longer a prohibition against filing another petition because the 180-day prohibition had since run. Greenwell argued that he was entitled to a renewed 180-day period, or a tolling of the 180-day period for the time between the second petition and its dismissal, in order to receive the full benefit of the 180 days. The bankruptcy court, however, authorized the filing of another petition. Greenwell appeals. We AFFIRM.

**2.** Appellant Greenwell's brief states that dismissal occurred on April 3, 1990. This appears to be in error. The date of August 3, 1990 was ob-

## II. ISSUE

Whether the bankruptcy court erred in authorizing the immediate refiling of a new petition after dismissing the debtors' Chapter 13 case pursuant to § 109(g)(2).

## III. STANDARD OF REVIEW

The issue before the panel is one of statutory construction involving the proper application of § 109(g). Questions of law are reviewed *de novo. In re Luna,* 122 B.R. 575, 576 (9th Cir. BAP 1991); *In re Pacific Far East Lines, Inc.,* 889 F.2d 242, 245 (9th Cir.1989); *In re McNutt,* 87 B.R. 84, 85 (9th Cir. BAP 1988).

## IV. DISCUSSION

A. *Dismissal of the second Chapter 13 case.*

Section 109(g) reads as follows:

**§ 109. Who may be a debtor.**

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

§ 109(g).

In the case before us, the Cartys had voluntarily dismissed their first Chapter 13 case on August 3, 1990, after a request for relief from the automatic stay, and filed their second Chapter 13 petition on November 19, 1990. The time span between dismissal and the subsequent filing was 108 days. Under the provisions of § 109(g) the second filing was premature. Dismissal, therefore, was appropriate.

tained from Greenwell's motion and is the date the bankruptcy court refers to in the Order for Dismissal. It appears to be the correct date.

B. *Tolling or renewal of the 180–day period.*

■ Greenwell argues that the bankruptcy court erred in authorizing the Cartys to immediately refile another petition, and that the court erred in concluding that the 180–day period had run. He asserts that he was entitled to a renewed 180–day period, or a tolling of the 180–day period for the time between the second petition and its dismissal, in order to receive the full benefit of the 180 days under § 109(g)(2).

The purpose behind § 109(g)(2) is to prevent abusive repeat filings:

> The obvious thrust of [§ 109(g)(2)] is to preclude the debtor from denying the creditor the benefit of termination of the stay by filing another case reimposing the stay.

*In re Berts*, 99 B.R. 363, 365 (Bankr. N.D.Ohio 1989). *See*, 2 *Collier on Bankruptcy*, ¶ 109.06 at 109.32 (Lawrence P. King ed., 15th ed. 1991).

There are sound arguments in favor of renewal of the 180–day period, or a tolling of that period, to prevent abusive filings. *See: In re McIver*, 78 B.R. 439 (D.S.C.1987) (renewal); *In re Berts*, 99 B.R. 363 (Bankr. N.D.Ohio 1989) (renewal); *In re Wilson*, 85 B.R. 72, 73 (Bankr.N.D.Ill.1988) (tolling); *In re Gregory*, 110 B.R. 911 (Bankr. E.D.Mo.1989) (tolling).

The rationale is that without some sort of tolling or a renewal of the time period, the purpose of § 109(g) may be circumvented by allowing one who is not a legitimate debtor under the Bankruptcy Code to unjustifiably enjoy the benefit of the automatic stay during the time that the case is wrongfully pending. *McIver*, at 442; *Wilson*, at 73; *Berts* at 365. The court in *Gregory* stated:

> The purpose of 11 U.S.C. § 109(g) is to prevent abusive filings. If it were not for this section, it would be possible for a debtor to delay foreclosure and deny the secured creditor the opportunity to have their rights adjudicated within a reasonable period of time. If the filing of a subsequent premature petition did not toll the running of the 180 days, it would

be very simple to render Section 109(g) ineffective and meaningless by the act of dismissing and refiling bankruptcy petitions, whenever foreclosure loomed on the horizon.

*In re Gregory*, 110 B.R. 911, 912 (Bankr. E.D.Mo.1989) (held that the 180–day period be tolled from the time of filing the second petition to the time of its dismissal). The court in *Wilson* observed:

> It would appear that any debtor's attorney worth his salt could file a case in the face of Section 109(g)(2) and postpone resolution of the 109(g)(2) issue for all or most of 180 days, thereby nullifying the Congressional intent underlying Section 109(g)(2). Section 109(g)(2) is thereby transformed from a provision to eliminate abuse and reduce creditor harassment, as Congress had intended, to a provision which invites even greater abuse and harassment.

*In re Wilson*, 85 B.R. 72, 73 (Bankr.N.D.Ill. 1988) (the court held that the running of the 180–day prohibition of § 109(g)(2) to be tolled from the time of filing the case until its dismissal).

In the case before this Panel, Greenwell was denied the benefit of the full 180–day period because of the existence of the automatic stay during the period that the second Chapter 13 petition violating § 109(g) was pending. However, tolling is not appropriate because of the equities in this case.

C. *The equities of this case do not warrant the imposition of tolling or renewal of the 180–day period.*

■ Ten months had transpired between the filing of the Cartys' second Chapter 13 and Greenwell's motion to dismiss. Greenwell clearly sat on his rights. The doctrine of laches may apply where there is an unreasonable or unexcused delay by the party asserting the claim and the defending party is prejudiced by the lack of diligence. *Brown v. Continental Can Co.*, 765 F.2d 810, 814 (9th Cir.1985); *Gifford v. Atchison, Topeka and Santa Fe Ry. Co.*, 685 F.2d 1149, 1152 (9th Cir.1982).

■ Under normal circumstances, renewal of the 180–day period or some sort of tolling should probably take place. This, however is not the case to decide if a definite rule should be adopted or whether a case-by-case analysis should be made.

Here, because ten months passed from the filing and the motion to dismiss it would be unreasonable for the creditor to take advantage of his inaction. As the bankruptcy court had indicated at the hearing, during those ten months money has been accumulating with the trustee's office. The court expressed concern over the fact that Greenwell now hopes to satisfy his claim since this money has accumulated.

At oral argument, however, the parties acknowledged that in fact no new case had been filed. Since the full 180 days have passed, it might appear that the issue is moot because Greenwell has already received what he has asked for. The issue before this Panel is technically not moot because our decision could potentially accord relief by tolling or the award of yet another 180–day period.

Although there are strong arguments to be made for tolling, under these circumstances it would be inequitable to impose a tolling in this case. The application of § 109(g)(2) has been held to be discretionary. *See, In re Luna*, 122 B.R. 575, 577 (9th Cir. BAP 1991). The Panel in *Luna* rejected the line of cases requiring mandatory application of § 109(g)(2) in favor of the line of cases holding that application is discretionary. *Id.* The Panel declined to apply § 109(g)(2) where the application would have rewarded a creditor for acting in bad faith while punishing a debtor for acting in good faith. *Id.* Similarly, this Panel declines to reward Greenwell with a tolling of the 180–day period.

## V. CONCLUSION

The bankruptcy court did not err in dismissing the Cartys' second Chapter 13 case, nor did the court err in allowing the immediate filing of a third case. AFFIRMED.