**In re Bettye J. HAMM, Debtor.**

**Bankruptcy No. 93–44132–399.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Aug. 9, 1993.

John V. LaBarge, Jr., Chapter 13 Trustee, St. Louis, MO.

Timothy H. Battern, St. Louis, MO, for debtor.

Edward A. Sher, St. Louis, MO, for Dealers Acceptance.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

At Saint Louis, in this District, this 9th day of August, 1993.

The matter being considered here is the motion of Dealers Acceptance Corporation ("Movant") for relief from the automatic stay. On the Movant's oral request an expedited hearing was set for August 5, 1993 at 10:00 a.m. After notice to the Debtor, Debtor's Counsel and the Chapter 13 Trustee, the Court received testimony and other evidence at the hearing. On the Debtor's request, the matter was continued to 3:30 p.m. on the same date to allow the parties additional time to obtain more accurate information concerning the Debtor's monthly income and the amount of prepetition arrearage owed to Morgan Guaranty Trust Company ("Morgan"), the holder of the first deed of trust on Debtor's personal residence, and to the Movant as the holder of a second deed of trust. On consideration of the record as a whole, the Court announced its determinations and orders from the bench.

The facts are essentially not disputed. This is the third Chapter 13 case filed by this Debtor. All three cases have been assigned to Bankruptcy Judge Barry S. Schermer, who was attending the Eighth Circuit Conference when the request for an expedited hearing was presented in the most recent case. In each case, the petition was filed shortly before a scheduled foreclosure on the Debtor's real property. In each case, the Debtor scheduled no more than three unsecured creditors, each with a relatively small balance due. In each case, the Debtor's reason for filing the petition was to obtain a stay of the foreclosure proceedings. Certain facts are unique to each case.

## FIRST CASE

The Debtor filed the first Chapter 13 petition on July 30, 1991. On October 3, 1991, Morgan (the holder of the first deed of trust) filed a motion for relief from the automatic stay. The Bankruptcy Court confirmed the Debtor's plan shortly thereafter, on October 16, 1991. On October 24, 1991, Morgan Guaranty's motion for relief from the automatic stay was denied after the parties agreed to a stipulated judgment that included confirmation of the plan.

After confirmation, the Chapter 13 trustee filed two successive motions to dismiss for failure to make plan payments. These motions were denied by the Court on February 5, 1992, and on May 8, 1992, after the trustee moved to withdraw his requests as having been settled.

On October 28, 1992, the Court entered an order granting relief from the automatic stay to Morgan after the Debtor reportedly failed to make post-petition mortgage payments for the months of May through September, 1992. The Debtor thereafter filed a motion to amend her confirmed plan. This motion was not ruled upon because the Debtor filed a voluntary dismissal of the Chapter 13 case on March 26, 1993, including a withdrawal of the motion to amend. The Court granted the Debtor's voluntary dismissal on March 30, 1993.

## SECOND CASE

While her first case was pending, and before she filed the voluntary dismissal, the Debtor filed a second Chapter 13 petition on March 25, 1993. The holder of the second deed of trust, Dealers Acceptance Corporation, the Movant here, filed a motion for relief from the automatic stay on April 30, 1993. On May 24, 1993, the Debtor filed a first amended Chapter 13 plan.

On June 10, 1993, the Court orally granted the motion of the Chapter 13 trustee to dismiss this case. The written Order dismissing this case prior to confirmation of a plan was signed on June 23, 1993. One day later, on June 24, 1993, Dealers Acceptance filed a written "Motion For Section 109(g) Bar Against Refiling". Dealers Acceptance argued that the Debtor should not be a debtor under Title 11 for 180 days from March 30, 1993, because of her voluntary dismissal of the first case after a request for relief from the automatic stay had been filed. On June 27, 1993, the Bankruptcy Court entered an Order that denied the motion to bar refiling under Section 109(g).

## THIRD CASE

On August 3, 1993, the Debtor filed a third Chapter 13 petition. Dealers Acceptance filed its motion for relief from the automatic stay and presented an oral request for an expedited hearing on August 4, 1993. The Chapter 13 petition was filed on the morning of the date set by this Movant for a foreclosure sale. After notice to the Debtor, Debtor's Counsel and the Chapter 13 trustee, the Court conducted these expedited hearings on August 5, 1993.

### Section 109(g)

Section 109(g)(2) states in pertinent part that

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g)(2)

 Section 109(g) is applicable to a Chapter 13 case. If all of the requisite conditions of Section 109(g) have been satisfied the prohibition against being a debtor during the 180 day period operates without further action by a court or any other party. Neither the statute nor the Bankruptcy Rules requires that a Court order be entered before an individual or a family farmer is barred from being a debtor in a subsequent case after a voluntary dismissal in the circumstances described at Section 109(g). *See In re Bigalk*, 813 F.2d 189 (8th Cir.1987); *In re Gregory*, 110 B.R. 911

(Bankr.E.D.Mo.1989); *In re Welling*, 102 B.R. 720 (Bankr.S.D.Iowa 1989).

■ Notwithstanding the mechanical operation of Section 109(g), Courts have found that circumstances may be shown to exist where not all of the requisite conditions have been satisfied, or where equity demands that the prohibition against refiling should not be enforced. In *In re Lisa Woodard Jones*, 99 B.R. 412 (Bankr. E.D.Ark.1989), the Court denied a creditor's motion to dismiss a Chapter 13 case under Section 109(g), and a motion for relief from the automatic stay. The Court found that the Debtor had voluntarily dismissed an earlier case after a motion for relief from the stay had been filed and denied. In *In re Michael and Patricia Carty*, 149 B.R. 601 (Bankr. 9th Cir.1993), the Ninth Circuit Bankruptcy Appellate Panel ("BAP") affirmed the decision of the Bankruptcy Court that dismissed a second bankruptcy case under Section 109(g), but denied a creditor's motion to dismiss a third case that had been filed immediately after the second case had been dismissed. The BAP determined that the creditor did not file its motion to dismiss under Section 109(g) until ten months after the third petition had been filed, and that it was unreasonable for the creditor to take advantage of his inaction. In *In re Maria Cristina Luna*, 122 B.R. 575 (Bankr. 9th Cir.1991), the BAP affirmed the Bankruptcy Court denial of a motion to dismiss under Section 109(g) because the mandatory application of this section would have produced an illogical and unjust result. The Court determined that after Ms. Luna had voluntarily dismissed an earlier case, a dispute had arisen concerning certain documents that were to have been provided to her pursuant to an order that granted relief from the automatic stay in the earlier case. The terms of the order that granted relief from the stay apparently were related to her decision to voluntarily dismiss that case.

■ Similarly, in this Debtor's second case, Judge Schermer had denied this Movant's motion under Section 109(g) to bar the Debtor from filing a third case, based on her voluntary dismissal of her first case. The written motion was filed after the order had been entered dismissing the second case and before the pending case had been filed. The Order that denied the Motion has not been stayed, and no notice of appeal has been filed. The Movant's oral request to dismiss the pending case based on the same reasons that were rejected by Judge Schermer in the second case will be denied.

### Relief From the Stay

■ Relief from the automatic stay shall be granted by the Court for several reasons including cause. In connection with the continued hearing in this matter, the Debtor submitted documents which supported her assertion that she had recently received a salary increase that would increase her monthly net pay by approximately $90.00. Her attorney argued that by increasing the payments in her proposed plan, she would pay the arrearage on the notes secured by the first and second deeds of trust within 30 months, a period that has been generally accepted in this District as reasonable.

The Movant also submitted certain documents that supported its contention that the amount of prepetition arrearage was considerable larger than the amount that the Debtor had listed in her schedules and proposed plan. On consideration of the record as a whole, the Court determined that the total arrearage owed to the Movant and to the holder of the first deed of trust was approximately $12,000.00, and that the Debtor's income was not sufficient to pay this amount within a reasonable time.

Based on the Debtor's testimony, the Court has determined that the value of the Debtor's real estate is greater than the total amount of the debt secured by liens on the property. Therefore, there is equity in the property for the benefit of the Debtor. Notwithstanding the degree of protection that is afforded to the real property lien holders, their interests are not adequately protected because this is the Debtor's third Chapter 13 case, and because the

Debtor has again failed to submit a repayment plan that is capable of being confirmed. For these reasons, the Court finds and concludes that cause has been shown to grant relief from the automatic stay.

**IT IS ORDERED** that this matter is concluded; and that the oral Motion of Dealers Acceptance Corporation to dismiss this case under Section 109(g), because during the preceding 180 days the Debtor had been a debtor in a case that had been voluntarily dismissed after a motion for relief from the stay had been filed, is denied; and

That cause having been shown, the motion of Dealers Acceptance Corporation for relief from the automatic stay to permit foreclosure of its interests in the Debtor's real property as described in the motion is granted; and that for said purposes, the automatic stay is terminated.