**In re Cleveland RIVES and Aquila Rives, Debtors.**

No. 01–41568–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

March 15, 2001.

John V. LaBarge, Jr., Chapter 13 Trustee, St. Louis, MO.

Charles Huber, St. Ann, MO, for debtors.

Vernon D. Singer, Cynthia M. Woolverton, St. Louis, MO, for movant.

## *ORDER*

JAMES J. BARTA, Bankruptcy Judge.

The continued hearing on the motion of Fairbanks Capital Corporation ("Movant") to dismiss this case or for relief from the automatic stay was called on March 14, 2001. Movant appeared by Counsel and presented oral argument on the record. The Debtors appeared in person and by Counsel and presented oral argument on the record. On consideration of the record as a whole, the Court announced its determinations and orders from the bench.

This is a core proceeding pursuant to Section 157(b)(2)(A) and (G) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri.

This is the third Chapter 13 case filed by Cleveland and Aquila Rives ("Debtors"). The first case (99–53674) was commenced on December 28, 1999. On March 17, 2000, the Movant here filed a motion for relief from the automatic stay. The motion was denied as settled by stipulation on May 17, 2000. The Debtors' Chapter 13 plan was confirmed by a corrected order on June 7, 2000. On August 3, 2000, the Court granted the Debtors' motion to dismiss the case.

The second case (00–47988) was commenced on August 14, 2000, eleven days after dismissal of the first case. On October 18, 2000, the Chapter 13 Trustee's motion to dismiss the case prior to confirmation of a plan was granted. However, the case was reinstated on the Debtors' motion. The Court thereafter entered a second order that granted the Trustee's motion and again dismissed the case for failure to make plan payments. The second order was entered on December 20, 2000. The Debtors' second motion to reinstate was subsequently denied on January 31, 2001.

The third case (01–41568) was commenced on February 15, 2001. On February 20, 2001, the Movant filed the motion that is being considered here. An expedited hearing was conducted on February 21, 2001, and the Parties were granted additional time to research the question of the Debtors' eligibility to be debtors under Title 11 as limited by 11 U.S.C. § 109(g). The Movant's foreclosure has been continued under Missouri law to March 15, 2001, the day after the date set for the continued hearing in this matter.

In pertinent part, Section 109(g) states that no individual may be a debtor under Title 11 who has been a debtor in a case pending under Title 11 at any time in the preceding 180 days if the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by 11 U.S.C. § 362. **11 U.S.C. § 109(g)(2).** For purposes of this motion to dismiss, the Court has determined that the Debtors requested and obtained a voluntary dismissal of their first Chapter 13 case following the filing by the Movant of a request for relief from the automatic stay. The Debtors were therefore ineligible to be debtors for 180 days thereafter.

Notwithstanding their ineligibility, the Debtors filed a second Chapter 13 petition on August 14, 2000, before the expiration

of the 180 day period. Although the record here does not reflect whether or not Section 109(g) was specifically considered in the second case, the Court dismissed the case approximately 128 days after it was commenced. The Movant has argued that the 180 day period was tolled during the pendency of the second case, and that the balance of the period had not yet run when the Debtors filed this third Chapter 13 case. The Debtors have argued that the 180 days should not have been tolled, that the Movant is barred by laches from raising Section 109(g) at this time, and that they should be allowed to proceed in this case on general equitable grounds. The findings and conclusions in this Order are the final determinations of the Bankruptcy Court.

■ Section 109(g) operates if certain conditions have occurred. It is intended to prevent abusive repetitious filings by debtors. *In re Carty (Greenwell v. Carty)*, 149 B.R. 601, 603 (9th Cir. BAP 1993). To this extent the prohibitions of Section 109(g) are mandatory. See *In re Dickerson*, 209 B.R. 703, 707 (W.D.Tenn.1997); *In re Bigalk*, 813 F.2d 189 (8th Cir.1987). The 180 day period after dismissal of the first case would have extended to about February 3, 2001. The Debtors were not eligible to be debtors under Title 11 when they filed the second Chapter 13 petition on August 14, 2000. The second case remained open for approximately 128 days until the Chapter 13 Trustee's oral motion to dismiss was granted. Prior to the final order of dismissal, a secured creditor other than this Movant had filed a motion for relief from the stay or to dismiss. The basis for the alternative motion to dismiss was not made a part of the record in the matter being considered here. Although the Debtors made certain payments to the Chapter 13 Trustee in the second case, the Movant in this matter received no distributions and

was subject to the automatic stay for the entire 128 day period.

If the original 180 day period were to apply here, the Debtors' third petition, filed on February 15, 2001, would not have been barred by Section 109(g). However, the purpose of Section 109(g) is to curb abusive repetitious filings. This purpose is frustrated if the 180 day period is not tolled during the pendency of any case that is improperly filed before the end of the period. See *In re Berts*, 99 B.R. 363, 365 (Bankr.N.D.Ohio 1989). In the matter being considered here, the Debtors filed a second case eleven days after the first case had been dismissed. The 180 day period was tolled until the second case was dismissed. The day after the second case was dismissed, December 21, 2000, was the twelfth day of the resumed 180 day period. The third case was filed on February 15, 2001, approximately 57 days into the resumed 180 day period. The Debtors were not eligible under Section 109(g) to file this case on February 15, 2000.

■ The Movant's prosecution of this motion is not barred by the doctrine of laches. This proceeding was filed five days after the third Chapter 13 Petition was filed. Although the Movant did not file such a motion in the second case, it is unclear whether or not the Debtors listed their first case on the second petition, or whether or not Section 109(g) was referred to in any of the other motions to dismiss the second case. Nonetheless, the second case was pending for approximately four months during which time the Debtors enjoyed the benefits of the automatic stay. The Court finds that there was no unreasonable or unexcused delay by the Movant, and that the Movant is not prohibited by the doctrine of laches from prosecuting this motion. See *Carty*, 149 B.R. at 603.

■ Although the language of Section 109(g) is mandatory, the Debtors have ar-

gued that this case should not be dismissed on equitable grounds. The record has shown that the amount of the delinquency owed by the Debtors to the Movant is greater than $12,000.00; and that the Debtors are not in a position to substantially reduce the delinquency in a short period of time; and that the Debtors have been unable to maintain Chapter 13 payments in two previous cases; and that the amount of the debt owed to the Movant continues to increase as a result of canceled or rescheduled foreclosure proceedings and accruing interest. The Debtors have argued that an earlier case in this District provides a precedent for equitable relief. In *In re Hamm*, 157 B.R. 137 (Bankr.E.D.Mo.1993), a secured creditor's motion to dismiss the debtor's third Chapter 13 case was denied even though the Chapter 13 petition had been filed before the expiration of the 180 day period. However, the denial was based on a decision in Ms. Hamm's second case wherein the Court specifically *denied* a request to impose the 180 day prohibition for the same reasons presented as a basis to dismiss the third case. The record in the matter pending before the Court does not support the Debtors' position that Section 109(g) can be ignored in this case.

IT IS ORDERED that this matter is concluded; and that the Movants request to dismiss this case is granted; and that this case is dismissed as having been filed before the expiration of the 180 day period established in Section 109(g) as such period was tolled; and that the automatic stay is terminated; and that the Debtors' oral request for a stay of this Order pending notice of appeal is denied.

IT IS FURTHER ORDERED that John V. LaBarge, Jr., Chapter 13 Trustee, is directed to retain $50.00 as his compensation for services and expenses, and is required to return any remaining funds to the Debtors, after deducting any unpaid claim allowed under 11 U.S.C. § 503(b), including attorney's fees (less any retainer(s) paid) as set forth in the plan, but in no event to exceed $950.00.

IT IS FURTHER ORDERED that the Trustee shall promptly file his final report and upon so doing is discharged as Trustee and is relieved of and discharged from his bond