ORDERED PUBLISHED

FILED

OCT 10 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.   AZ-11-1491-JuBrD |
| | ) | |
| ANNA LEAFTY, | ) | Bk. No.   11-05054-RTB |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ANNA LEAFTY, | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | **O P I N I O N** |
| | ) | |
| AUSSIE SONORAN CAPITAL, LLC, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Submitted Without Oral Argument
on September 19, 2012[*]

Filed - October 10, 2012

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Redfield T. Baum, Sr., Bankruptcy Judge, Presiding

_____

Appearances:   Appellant Anna Leafty pro se on brief; Clifford
B. Altfeld, Esq., of Altfeld & Battaile P.C., on
brief for Appellee Aussie Sonoran Capital, LLC.

_____

Before:  JURY, BRAND[**], and DUNN, Bankruptcy Judges.

_____

[*] Pursuant to Rule 8012, after notice to the parties, the Motions Panel unanimously determined after examination of the briefs and record that oral argument was not needed by order entered on July 3, 2012.

[**] Hon. Julia W. Brand, Bankruptcy Judge for the Central District of California, sitting by designation.

JURY, Bankruptcy Judge:

Appellee, Aussie Sonoran Capital, LLC ("ASC") scheduled a trustee's sale of chapter 13[1] debtor's property after its predecessor in interest obtained relief from stay. On the day of the sale, debtor, Anna Leafty, dismissed her previous bankruptcy case and filed the instant case. ASC then moved to dismiss debtor's second bankruptcy case, to confirm the prior order which terminated the automatic stay, or in the alternative, to terminate the stay and/or deny extension of stay.

The bankruptcy court granted ASC's motion and entered separate orders granting relief from stay (the "RFS Order") and dismissing debtor's case (the "Dismissal Order") under § 109(g)(2). The RFS Order confirmed, among other things, that the automatic stay was not in effect when the trustee's sale occurred. The bankruptcy court denied debtor's motion for reconsideration under Rule 9024 which incorporates Civil Rule 60(b).

For the reasons stated below, we conclude that the bankruptcy court's dismissal of debtor's second bankruptcy case was proper because debtor was ineligible to file under § 109(g)(2), and there was no reason to suspend the application of the statute under the circumstances of the case. As a result

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

of debtor's ineligibility, the automatic stay was not in effect with respect to ASC's trustee's sale of debtor's real property under § 362(b)(21)(A). Accordingly, we AFFIRM.

## I. FACTS

Debtor owned and resided in real property located in Scottsdale, Arizona. On June 7, 2007, debtor executed a promissory note in the amount of $307,500 with Argent Mortgage Company, LLC ("Argent"). The note was secured by a deed of trust recorded against debtor's property. In August 2008, debtor defaulted on the note.

On December 31, 2008, Argent assigned its interest in the note and deed of trust to Citigroup Global Markets Realty Corp. ("Citigroup"). On that same day, a notice of trustee's sale was recorded. The beneficial interest in the note and deed of trust was later transferred from Citigroup to Liquidation Properties, and then from Liquidation Properties to Kondaur Capital Corporation ("Kondaur").

On November 6, 2009, debtor filed a chapter 13 petition in the District of Arizona (Bankr. Case No. 09-bk-28586) after communications regarding an alleged modification of the note broke down. On April 2, 2010, Kondaur moved for relief from the automatic stay on debtor's residence. The bankruptcy court granted the motion over debtor's objection by order entered June 7, 2010. Just prior to the entry of the order ASC, f/k/a Dos Mates, LLC, acquired the note and deed of trust from Kondaur.

Following entry of the order granting relief from stay, debtor commenced a lawsuit in the Arizona Superior Court, Maricopa County, against ASC and others entitled Leafty v. Dos

-3-

Mates, LLC, et al. (Ariz. Sup. Ct. Case No. CV2010-015409). Debtor applied for and obtained a temporary restraining order without notice. Debtor's lawsuit alleged, among other things, that securitization of her promissory note constituted a fraud, and that an original of her note needed to be attached to her deed of trust. Debtor amended her complaint to add a party or parties. Her first amended complaint was dismissed,[2] and she later filed a second amended complaint. The defendants moved to dismiss. The Arizona Superior Court granted the various motions to dismiss with prejudice.[3]

Pursuant to a power of sale, ASC noticed a trustee's sale for 10:00 a.m. on March 1, 2011. On the morning of the trustee's sale date, debtor filed a request for dismissal of her bankruptcy, filed a second bankruptcy case at 9:25 a.m. and faxed a copy of the petition to ASC's counsel's office in Tucson. The trustee's sale was held in Phoenix before ASC's counsel received notice of debtor's second bankruptcy.

ASC then moved to dismiss debtor's second bankruptcy case, to confirm the prior order terminating the stay, or in the alternative, to terminate the stay and/or deny extension of the

---

[2] The dismissal of the complaint dissolved the temporary restraining order.

[3] Debtor appealed the dismissal to the Arizona Court of Appeals, Division One (Case No. 1-CV-11-366).

-4-

stay.[4]  ASC's motion was based on §§ 109(g) and 362(c) and (d).[5] At the March 22, 2011 hearing, the bankruptcy court gave debtor additional time to respond and took the matter under advisement.

Debtor filed her response on March 25, 2011.  Debtor maintained that the foreclosure sale was in violation of the stay.  Debtor further argued that ASC had failed to comply with the contractual provisions of the deed of trust and the statutory notice requirements under Arizona law.  These violations, debtor argued, demonstrated that the stay should not be terminated.  Moreover, debtor contended that she had the right to file an adversary proceeding against ASC to challenge their standing to foreclose.

The bankruptcy court granted ASC's motion as it related to the automatic stay by order entered April 6, 2011.  The RFS Order (1) confirmed the June 6, 2010, order granting relief from stay in debtor's prior bankruptcy nunc pro tunc; (2) confirmed that the trustee's sale held on March 1, 2011 was not stayed by the filing of the petition in this case; (3) terminated the stay to allow the Arizona Superior Court to enter any and all rulings regarding the property or the debtor in Case No. CV2010-015409; (4) allowed ASC to proceed with any F.E.D. (forcible entry and detainer) action regarding the property; and (5) stated that the

---

[4] The ASC motion did not request the court to annul the stay, an option provided by § 362(d).

[5] ASC later filed a notice of supplemental authority citing § 362(b)(20) as additional authority.  On appeal, ASC contends that it inadvertently cited § 362(b)(20) instead of § 362(b)(21).  We agree that § 362(b)(20) does not apply to this case.

order shall apply notwithstanding any additional bankruptcy filing by debtor.

On April 8, 2011, the bankruptcy court entered the Dismissal Order which stated that debtor was ineligible for chapter 13 relief pursuant to § 109(g)(2) due to the fact that she had a case pending in the last 180 days and had voluntarily dismissed her case following the filing of a request for relief from the automatic stay.

Debtor then moved for relief from the orders under Civil Rule 60(b)(1) and (6). At the May 10, 2011 hearing, the court took the matter under advisement. The bankruptcy court issued findings of fact and conclusions of law regarding debtor's motion by minute entry/order entered May 12, 2011. The court found that § 109(g)(2) was clear that debtor was not eligible due to her prior case and the proceedings therein. The court entered the order denying debtor's motion on August 23, 2011.

Other litigation between the parties followed. There was a F.E.D. hearing in the state court resulting in an eviction order (which debtor appealed[6]), a hearing setting a bond to stay the eviction (which debtor failed to post), two additional bankruptcy filings (the last of which was dismissed with prejudice, precluding debtor from filing a bankruptcy case in

---

[6] Ariz. Ct. App. Case No. 1-CV-SV 11-0459. Also, during the F.E.D. proceeding, debtor filed a Special Action appeal, which was denied. Ariz. Ct. App. Case No 1-CA-SA 11-0132. Debtor then filed a Petition for Review to the Arizona Supreme Court. Ariz. Case No. CV-11-0228-PR. The Arizona Supreme Court declined review.

the District of Arizona for one year[7]), and finally, a second Arizona Superior Court action seeking to enjoin the eviction. Since then, debtor has been removed from the property.

Debtor timely appealed the Dismissal Order, the RFS Order, and the denial of her reconsideration motion. Debtor's Notice of Appeal requested a stay pending appeal. However, debtor failed to comply with Rule 8005 by filing a motion in the bankruptcy court. As a result, no stay was issued.

## II. JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (G). We have jurisdiction under 28 U.S.C. § 158.[8]

---

[7] Bankruptcy Case Nos. 11-bk-17566-RTB and 11-bk-21074-GBN. The bankruptcy court's order dismissing debtor's latest case with prejudice was subject to reconsideration only upon court approval and required debtor to file all schedules and statements and pay the filing fee prior to the court's acceptance of any such case.

[8] ASC contends that debtor's appeal of the orders has become moot. The mootness doctrine applies when events occur during the pendency of the appeal that make it impossible for the appellate court to grant effective relief. Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC), 391 B.R. 25, 33 (9th Cir. BAP 2008). The determining issue is "whether there exists a 'present controversy as to which effective relief can be granted.'" People of Village of Gambell v. Babbitt, 999 F.2d 403, 406 (9th Cir. 1993) (quoting NW Envtl. Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988)). If no effective relief is possible, we must dismiss for lack of jurisdiction because we do not have jurisdiction over moot appeals. I.R.S. v. Pattullo (In re Pattullo), 271 F.3d 898, 901 (9th Cir. 2001). Here, although it may be difficult to restore the parties to the status quo ante, it is not impossible. There is nothing in the record that shows debtor's property was sold to a third party. Theoretically, if we reversed, the trustee's sale would be void and title to the property would revert to debtor. Although she

(continued...)

-7-

## III. ISSUES

A. Whether the bankruptcy court abused its discretion in dismissing debtor's second bankruptcy case under § 109(g)(2);

B. Whether the bankruptcy court abused its discretion in granting the relief set forth in the relief from stay order; and

C. Whether the bankruptcy court abused its discretion in denying debtor's motion for reconsideration.

## IV. STANDARDS OF REVIEW

Whether the bankruptcy court properly applied § 109(g)(2), is subject to de novo review. Home Sav. of Am., F.A. v. Luna (In re Luna), 122 B.R. 575, 576 (9th Cir. BAP 1991). We also review the bankruptcy court's interpretation of the Bankruptcy Code de novo. Am. Express Bank, FSB v. Smith (In re Smith), 418 B.R. 359, 364 (9th Cir. BAP 2009).

We review the bankruptcy court's orders dismissing a chapter 13 bankruptcy case, granting relief from stay and denying a motion for reconsideration of an order for abuse of discretion. Brown v. Sobczak (In re Sobczak), 369 B.R. 512, 516 (9th Cir. BAP 2007) (dismissal); Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer), 405 B.R. 915, 919 (9th Cir. BAP 2009) (relief from stay); First Ave. W. Bldg., LLC v. James (In re OneCast Media, Inc.), 439 F.3d 558, 561 (9th Cir. 2006) (reconsideration). A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were

_____

[8](...continued) is presently not in possession, she would again own the property and could move back in. Accordingly, we could fashion effective relief, and the appeal is not moot. We therefore reach the merits of the orders on appeal.

-8-

illogical, implausible or without support in the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

## V. DISCUSSION

This appeal involves the interplay between § 109(g)(2), which governs debtor's eligibility to file a second bankruptcy case within 180 days of her voluntary dismissal of her first case, and § 362(b)(21)(A), which states that certain actions against real property of an ineligible debtor under § 109(g)(2) are not stayed.

**A. The Bankruptcy Court Did Not Abuse Its Discretion In Dismissing Debtor's Second Case**

We first consider debtor's eligibility to file her second case under § 109(g)(2). This section states in relevant part:

> Notwithstanding any other provision of this section, no individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if-
>
> . . .
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

The purpose of § 109(g)(2) is to prevent abusive filings. Greenwell v. Carty (In re Carty), 149 B.R. 601, 603 (9th Cir. BAP 1993).

> If it were not for this section, it would be possible for a debtor to delay foreclosure and deny the secured creditor the opportunity to have their rights adjudicated within a reasonable period of time. If the filing of a subsequent premature petition did not toll the running of the 180 days, it would be very simple to render Section 109(g) ineffective and meaningless by the act of dismissing and refiling bankruptcy petitions, whenever foreclosure loomed on

-9-

the horizon.

Id. (quoting In re Gregory, 110 B.R. 911, 912 (Bankr. E.D. Mo. 1989)).

Section 109(g)(2) is not jurisdictional in nature and, therefore, the bankruptcy court has discretion to suspend the application of the statute and not dismiss a debtor's case under certain circumstances. In re Luna, 122 B.R. at 577; see also Mendez v. Salven (In re Mendez), 367 B.R. 109, 116 (9th Cir. BAP 2007) (§ 109 eligibility is not jurisdictional). In In re Luna, the lender had not complied with the bankruptcy court's order granting relief from stay that required the lender to provide a payoff and reinstatement notice to the debtor, and the debtor had tendered the amount to reinstate the debt based upon the debtor's calculations. 122 B.R. at 576. When the debtor filed a second case, the Panel found that mechanical application of § 109(g)(2) was inappropriate where doing so would produce an illogical, unjust, or capricious result, or when the benefit of a dismissal would inure to a bad faith creditor. Id. at 577.

Debtor relies heavily on In re Luna to demonstrate that the bankruptcy court abused its discretion in dismissing her case in reliance on § 109(g)(2). However, as the bankruptcy court recognized, the narrow, equitable exception to dismissal under § 109(g)(2) in In re Luna has no application in this case. There is nothing in the record that shows dismissal of debtor's second bankruptcy case was illogical or unjust under the circumstances. Debtor had the opportunity to challenge the request for relief from stay with respect to her property in her first bankruptcy case, and she did not prevail. That order

-10-

became final.  On the morning of the scheduled foreclosure sale, debtor voluntarily dismissed her case and filed the instant case to stop the sale.  This is exactly the kind of abuse that § 109(g)(2) was designed to address.  In re Carty, 149 B.R. at 603.

Furthermore, the facts of Luna are distinguishable from this case.  Here, we do not have a "conditional" order granting relief from stay that was violated.  In addition, there is nothing in the record besides debtor's conclusory allegations that demonstrates ASC's bad faith.  Debtor alleges that ASC failed to comply with the contractual provisions under the deed of trust and the Arizona statutory notice requirements pertaining to foreclosure sales, but these allegations were the subject of several actions debtor commenced in the Arizona state court which are (or were) pending appeal.  Debtor has not presented us with any order by the state court invalidating the sale of her residence on these or any other grounds.

Debtor also argues that dismissal of her second case was inappropriate because of a significant change of circumstances. See Mortg. Mart, Inc. v. Rechnitzer (In re Chisum), 847 F.2d 597, 600 (9th Cir. 1988) ("'a bona fide change in circumstances' can justify a finding that successive bankruptcy filings were proper"); see also Carr v. Sec. Sav. & Loan Ass'n, 130 B.R. 434, 436 (D.N.J. 1991) (noting that "debtor was not allowed to commence a second bankruptcy proceeding within 180 days of her last proceeding, absent a bona fide change in circumstances").

Debtor appears to rely on Carr to support her change of circumstances argument.  However, the issue on appeal in Carr

-11-

was not about the bankruptcy court's ruling regarding the debtor's changed circumstances. Rather, the issue was whether a secured creditor, who had obtained an order for relief from the automatic stay in a prior bankruptcy proceeding and had repossessed collateral pursuant to that order, was required under § 362(a) to turn over the repossessed collateral immediately to the debtor's estate upon the debtor's subsequent refiling of a bankruptcy petition. The creditor argued that despite the automatic stay upon the second filing, it was entitled to retain possession of the debtor's car pending a showing that debtor had a change of circumstances that justified the filing of the second petition.

The district court found no support for this proposition, noting that there were no exceptions from the stay under § 362(b) for successive filings. Therefore, the district court affirmed the bankruptcy court's ruling that the creditor had violated the stay by refusing to turn over the debtor's car before the bankruptcy court determined whether the debtor's second petition was filed in good faith. The holding in Carr has no applicability to this case.

The significant change of circumstances, debtor argues, was the 2010 enactment of Ariz. Rev. Stat. § 33-807.01. This section states:

> For a property with a first deed of trust recorded on or after January 1, 2003 through December 31, 2008, if the borrower occupies the property as the borrower's principal residence, before a trustee may give notice of a trustee's sale for the property pursuant to § 33-808, the lender must attempt to contact the borrower to explore options to avoid foreclosure at least thirty days before the notice is recorded.

-12-

The statute further provides that the lender's contact attempt "shall be made in writing and documentation of the notice shall be maintained in the credit file." Ariz. Rev. Stat. § 33-807.01(B).

We do not think this change in the law constitutes the kind of change of circumstances that would warrant the discretionary suspension of § 109(g)(2). First, there is no indication that the statute applies to the December 2008 notice of trustee's sale recorded against debtor's property which occurred before the enactment of the statute. Second, the statute does not provide a private cause of action. Wright v. Chase Home Fin., LLC, No. CV 11-00095-PHX-FJM, 2011 WL 4101513, at *4 (D. Ariz. Sept. 14, 2011). Third, "the kind of 'changed circumstances' required to justify a successive filing must be positive changes, i.e., debtor's objective, financial circumstances and ability to perform the plan proposed must have improved between dismissal of the prior case and commencement of the new case." In re Huerta, 137 B.R. 356, 368 (Bankr. C.D. Cal. 1992) (discussing changed circumstances in the context of good faith and serial filings).

Here, there is no evidence in the record that debtor's circumstances had improved. "When the debtor, who has the burden of proof, has not made sufficient showing of 'changed circumstances' the Bankruptcy Court may reasonably infer that the successively filed case or cases were commenced solely to prevent or delay foreclosure." Id. at 369.

In sum, the record does not support debtor's arguments for suspending the application of § 109(g)(2). Therefore, we

-13-

conclude that the bankruptcy did not abuse its discretion when it dismissed debtor's second case.

## B.    The Bankruptcy Court Did Not Abuse Its Discretion In Granting ASC's RFS Motion

The RFS order grants ASC various forms of relief with respect to the automatic stay.  On appeal, debtor challenges some, but not all, of the relief granted.[9]  Her primary argument relates to the bankruptcy court's conclusion that no stay was imposed by the filing of her second petition.  However, the RFS Order does not say that.  Rather, the RFS order confirmed that the trustee's sale held March 1, 2011, was not stayed by the filing of the petition in this case.

Under § 362(b)(21)(A) certain actions against the real property of ineligible debtors under § 109(g) are not stayed.  This section was added to the list of exclusions from the automatic stay under § 362(b) with the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act, Pub. L. No. 109-8, 119 Stat. 23.  Section 362(b)(21)(A) provides that the filing of a petition does not operate to stay "any act to enforce any lien against or security interest in real property —  . . . if the debtor is ineligible under § 109(g) to be a debtor

---

[9] Debtor complains that the court erred in confirming that the relief from stay order entered in her first bankruptcy case applied to her second case nunc pro tunc.  She also contends that the RFS Order confirming the sale violated Ariz. Rev. Stat. § 33-810(C) which states in relevant part that "[a] sale shall not be complete if the sale as held is contrary to or in violation of any federal statute in effect because of an unknown or undisclosed bankruptcy."  As discussed below, in light of the applicability of § 362(b)(21)(A), it is unnecessary to address these alleged errors on appeal.

-14-

in a case under this title . . . ." As discussed above, debtor was ineligible to be a debtor under § 109(g)(2). Therefore, because § 362(b)(21)(A) applied at the time debtor filed her second petition, as a matter of law, the automatic stay was not in effect with respect to her property. Accordingly, the confirmation in the RFS Order that the trustee's sale was not stayed was a correct statement of the law.

Debtor contends the RFS Order was defective because it incorrectly cited § 362(b)(20) which does not apply to her case. As a result, debtor argues the bankruptcy court did not have authority to grant the relief it purported to grant. We disagree. Even though ASC invoked a different Code section in the bankruptcy court, there is no prejudice to debtor when her arguments on appeal are not substantively altered from those made in the bankruptcy court. Moreover, whether § 362(b)(21)(A) applies to this case is a matter of law, not fact, subject to de novo review. Accordingly, although the RFS Order incorrectly cites § 362(b)(20) rather than § 362(b)(21)(A), we construe the order as being consistent with § 362(b)(21)(A).

To avoid the consequences of § 362(b)(21)(A), debtor contends § 362(c)(3)(A) applies to her second case. It does not. This section is a limitation on the operation of the stay in the event of a second filing within a one year window of a previously dismissed case and has nothing to do with debtor's eligibility to file her second case which was governed by § 109(g)(2). Because the bankruptcy court found debtor was ineligible under this section, a decision which we do not disturb on appeal, the specific exception to the automatic stay

under § 362(b)(21)(A) was directly applicable.

**C.  The Bankruptcy Court Did Not Abuse Its Discretion In Denying Debtor's Motion For Reconsideration**

Debtor contends that the same issues on appeal were briefed extensively in the bankruptcy court and, therefore, her motion for relief from the judgment or order should not have been denied.  The bankruptcy court did not abuse its discretion in denying her motion for reconsideration because the motion merely repeated arguments that were already presented to and considered by the bankruptcy court.

**VI.  CONCLUSION**

Accordingly, the orders appealed from are in all respects AFFIRMED.