United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 29, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

_____

No. 03-11135

_____

In the Matter of: LARRY L. WOMBLE,

Debtor,

LARRY L. WOMBLE,

Appellant,

versus

PHER PARTNERS,

Appellee.

_____

Appeal from United States District Court
for the Northern District of Texas, Amarillo
(C-03-CV-52)

_____

Before BARKSDALE and PICKERING, Circuit Judges, and LYNN[*], District Judge.

PER CURIAM:[**]

Before the court is Larry Womble's appeal from the bankruptcy court's decision to deny

discharge of certain debts owed by Womble to the appellee Pher Partners. The bankruptcy

court's finding that Womble failed to maintain adequate financial records was not clearly

erroneous. Accordingly we affirm.

*Facts and Procedural History*

Womble and his daughter Christi Weaver maintained substantial ownership interests in

_____

[*] District Judge for the Northern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

three entities: WW Farms, Womble Land & Cattle Company, and Womble Farms, Inc. Womble also was affiliated with two other businesses: Four County Tractor & Equipment Co., Inc. and Ag Resources. Womble's mother, Lucille Bentley, died on February 2, 1996, creating the Bentley Estate, of which Womble was the sole beneficiary and executor. On November 1, 1996, Womble executed a partial disclaimer of all interest in real property under his mother's will. The interest passed to his daughter Christi Weaver.

Pher Partners is a judgment creditor of Womble. Pher Partners filed a complaint objecting to the discharge of Womble's debts. Pher Partners asserted that the discharge should be denied because (1) Womble's disclaimer of the Bentley Estate was a sham and fraud; (2) Womble's transfer of approximately $71,000 on the eve of filing a Chapter 13 bankruptcy constituted a fraudulent transfer pursuant to 11 U.S.C. § 727(a)(2)(A); and (3) Womble failed to maintain adequate financial records from which his financial condition might reasonably be ascertained pursuant to 11 U.S.C. § 727(a)(3).

The bankruptcy court denied Womble's discharge based on the second and third theories–fraudulent transfer and inadequate financial records. The district court affirmed the bankruptcy court's decision. Womble now appeals and argues that the district court should not have applied equitable tolling to bring the alleged fraudulent transfers within the one-year limitations' period. Womble further argues that the transfers were made to pay other creditors and not to hinder, delay, or defraud Pher Partners. Womble also argues that the bankruptcy court's finding that his financial records were not adequate was clearly erroneous. He asserts that the financial information he provided shows what passed through his hands and therefore should be deemed adequate.

*Standard of Review*

This court reviews the district court's ruling on a bankruptcy appeal "by applying the same standard to the bankruptcy court's findings of fact and conclusions of law as the district court applied." *Minatome v. Jack/Wade Drilling, Inc.* (*In re Jack/Wade Drilling, Inc.*), 258 F.3d 385, 387 (5th Cir. 2001). "A bankruptcy court's findings of fact are subject to clearly erroneous review, while its conclusions of law are reviewed de novo." *Id.*

*Analysis*

The district court upheld the bankruptcy court's decision based on fraudulent transfers, § 727(a)(2)(A), and failure to maintain adequate financial records, § 727(a)(3). If either ground is sufficient the judgment should be affirmed. We affirm based upon Womble's failure to maintain adequate financial records.

Section 727(a)(3) provides:

> The court shall grant the debtor a discharge, unless . . . the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]

11 U.S.C. § 727(a)(3). The party objecting to a debtor's discharge bears the initial burden to prove that the debtor failed to keep and preserve his financial records and that this failure prevented the party from ascertaining the debtor's financial condition. *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 703 (5th Cir. 2003). Although a debtor's financial records need not contain full detail, there should be written evidence of the debtor's financial condition. *Id.* If this initial burden is satisfied, the burden shifts to the debtor to prove that the inadequacy is justified under all the circumstances of the case. *Id.* The bankruptcy court has wide discretion in both

3

inquiries, and the bankruptcy court's decision is a finding of fact reviewed for clear error. *Id.*

The bankruptcy court found that Pher Partners satisfied its initial burden of showing that Womble failed to keep and preserve adequate financial records and that this failure prevented Pher Partners from ascertaining Womble's financial condition. The bankruptcy court noted the following deficiencies in Womble's record keeping: (1) Womble failed to maintain any written records of the loans and leases which he asserts were made between the Bentley Estate and the Womble Entities; (2) Womble failed to introduce any lease agreements or invoices from one entity to another to substantiate numerous transfers between the entities; (3) for five years, Womble failed to file tax returns for his entities; and (4) Womble took money from his entities without records explaining why such money was taken.

Womble does not directly contradict any of these findings. Instead, he cites to *WTHW Investment Builders v. Dias (In re Dias)*, 95 B.R. 419, 422 (Bankr. N.D. Tex. 1988), and argues that as a matter of law all he was required to produce were financial records sufficient to show "what passed through his hands." He explained that the transfer of money between himself and various Womble entities "went to pay the legitimate arms-length creditors of whatever entities needed the money the most."

Womble construes the requirements of § 727(a)(3) too narrowly. A mere log of what passed through a debtor's hands is insufficient to provide basic information about the debtor's financial condition. Many of the transfers made by Womble passed through his hands to other Womble entities. However, the records do not reveal the purpose of these various transfers or what happened to the money after the transfers. The Seventh Circuit has rejected the argument that the financial records of closely held entities are irrelevant. *See Union Planters Bank v.*

4

*Connors*, 283 F.3d 896, 900 (7ᵗʰ Cir. 2002). Rather, where personal and business expenses are intertwined, the business transactions cannot be fully ascertained without tracing the loan proceeds of closely held entities. *See id.* The evidence in the record supports the bankruptcy court's finding that Womble did not keep adequate financial records with respect to the transactions between himself and the other business ventures in which he was involved. Hence, the finding that Womble failed to maintain adequate records from which his financial condition could be ascertained was not clearly erroneous.

The burden then shifted to Womble to show that the failure to keep adequate financial records was justified under all of the circumstances of the case. The bankruptcy court found that the failure was not justified, and that finding also is reviewed for clear error. *In re Dennis*, 330 F.3d at 703.

The level of the debtor's sophistication and extent of his business activities will bear on the adequacy of his record keeping. *See Goff v. Russell Co. (In re Goff)*, 495 F.2d 199, 201-02 (5ᵗʰ Cir. 1974). The justification inquiry should include the education, experience, and sophistication of the debtor; the volume of the debtor's business; the complexity of the debtor's business; the amount of credit extended to the debtor in his business; and any other circumstances that should be considered in the interest of justice. *Meridian Bank v. Alten*, 958 F.2d 1226, 1231 (3d Cir. 1992). "The demands of operating a business do not excuse a debtor from keeping basic financial records." *Dias*, 95 B.R. at 422; *see also In re Goff*, 495 F.2d at 202.

The bankruptcy court found that Womble's failure to keep adequate financial records was not justified: "Womble is not unsophisticated: he attended college; he ran several businesses for a number of years; he has been in bankruptcy several times before and therefore knows what is

5

expected of him; and he employed able attorneys to advise him." Womble does not contest the bankruptcy court's characterization of the facts. These facts support a finding that Womble failed to maintain adequate records and that his failure to keep adequate records was not justified under all of the circumstances of the case. Thus, the bankruptcy court's finding was not clearly erroneous.

Accordingly, the judgment of the district court is AFFIRMED.