NIEMEYER, Circuit Judge,
dissenting:
This Chapter 7 bankruptcy proceeding is the fifth bankruptcy proceeding that Deborah Williams has commenced since 1996. Tidewater Finance Company, a creditor of Williams, contends that Williams is not entitled to a discharge of debts because her petition was filed without allowing for the six-year period of non-dischargeability of debts to elapse. See 11 U.S.C. § 727(a)(8) (precluding discharge in Chapter 7 proceeding if debtor had been granted a discharge in a Chapter 7 proceeding filed within six years before the commencement date of the present proceeding). Even though more than six calendar years elapsed between the filing dates of Williams’ two Chapter 7 proceedings, Tidewater Finance argues that the six-year period of nondischargeability should be calculated by excluding periods during which Williams was pursuing three Chapter 13 proceedings and collection of her debts was stayed under 11 U.S.C. § 362(a).
I agree. Under the fully applicable reasoning of Young v. United States, 535 U.S. 43, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002), § 727(a)(8)’s six-year period of nondis-chargeability should have been tolled during the pendency of Williams’ three Chapter 13 petitions, when her creditors were denied their rights to enforce and collect her debts due to the Bankruptcy Code’s automatic stay. See 11 U.S.C. § 362(a). Therefore, Williams is ineligible to receive a discharge in this proceeding, and Tide *263 water Finance is entitled to summary judgment to that effect. Accordingly, I would reverse.
I
Deborah Williams financed the purchase of an automobile in October 1997, signing a purchase money note and security agreement. After the note and security agreement were assigned to Tidewater Finance Company, Williams defaulted, and the automobile was repossessed and sold. In July 2001, Tidewater Finance obtained a deficiency judgment against Williams in Virginia state court in the amount of $7,468.84 plus interest. Tidewater Finance has not yet obtained satisfaction of the judgment, in large part because Williams has lingered in multiple bankruptcy proceedings.
Over the course of eight years, from 1996 to 2004, Williams filed five bankruptcy petitions, as follows:

Filing Length of Date Disposition pendency Chapter

10/29/1996 Discharge of debts 104 days on 2/10/1997 7
9/21/1999 Dismissed on 42 days 11/2/1999 13
5/16/2000 Dismissed on 254 days 1/25/2001 13
13 8/14/2001 Dismissed on 758 days 9/11/2003
7 3/15/2004 Pending
She first filed a Chapter 7 bankruptcy petition on October 29, 1996, and obtained a discharge of debts. Having received this fresh start, Williams incurred new debts, including the automobile debt owed to Tidewater Finance. After incurring the Tidewater Finance debt, she filed Chapter 13 bankruptcy petitions on three separate occasions: September 21, 1999) 'May 16, 2000, and August 14, 2001. Williams voluntarily dismissed each of them, as authorized by 11 U.S.C. § 1307(b), before completing payments and obtaining a discharge. Lastly, she filed her second and currently pending Chapter 7 petition on March 15, 2004, seeking a discharge of all dischargeable debts, including her debt to Tidewater Finance..
Even though this last Chapter 7 petition was filed over seven years after Williams commenced her previous Chapter 7 proceeding, the seven years were interspersed with three Chapter 13 proceedings that Williams commenced. During the nearly three years that her Chapter 13 proceedings were pending, Williams benefited from automatic stays of her creditors’ efforts to collect debts. See -11 U.S.C. § 362(a).
Tidewater Finance commenced this action and filed a motion for summary judgment to oppose discharge in the currently pending Chapter 7 proceeding, claiming that Williams was not eligible for a discharge because she did not allow six years of nondischargeability to elapse between filings, as required by the “lookback” period of 11 U.S.C. § 727(a)(8).[1] Tidewater Finance acknowledged that Williams commenced her initial Chapter 7 case, in which a discharge was granted, more than six years before she filed the pending Chapter 7 petition. But it argued that the two years and 324 days during which Williams’ Chapter 13 petitions were pending and debt collection was stayed are excluded from the six-year lookback period, under the principle of equitable tolling. Therefore, her current Chapter 7 petition was filed too soon to allow creditors the six- *264 year period provided for in § 727(a)(8). Accordingly, she is ineligible for a discharge of debts in her present Chapter 7 case.
The bankruptcy court rejected Tidewater Finance’s equitable tolling argument and denied its motion for summary judgment, and the district court affirmed. Reasoning as the bankruptcy court did, the district court stated that “equitable tolling is inconsistent with the text of § 727(a)(8)” and that “even if § 727(a)(8) were subject to equitable tolling, it would be inappropriate to apply that doctrine here because Tidewater voluntarily chose not to protect its rights during the period between Williams’ Chapter 7 cases.”
From the order of the district court, Tidewater Finance filed this appeal, raising the sole issue of whether § 727(a)(8)’s six-year look-back period should exclude the time during which Williams was protected by Chapter 13 proceedings from the creditors’ efforts to collect debts.
II
Because the resolution of this issue involves the construction of several provisions of the Bankruptcy Code, I begin with a recitation of the statutory scheme in which § 727(a)(8) functions.
Chapter 7 of the Bankruptcy Code provides for the liquidation and distribution of the assets of a debtor upon being adjudged bankrupt and discharged of debts. See 11 U.S.C. § 701 et seq. Under this proceeding, creditors usually receive a portion of the proceeds in lieu of full repayment of debts, and the debtor receives a fresh start through the discharge. See 1 Collier on Bankruptcy ¶ 1.03[2] (15th ed.2006). The discharge absolves the debtor of all debts existing when the Chapter 7 petition was filed, except for certain debts deemed non-dischargeable by 11 U.S.C. § 523. See 11 U.S.C. §§ 727(b), 524.
Because a Chapter 7 discharge is such strong medicine, the debtor may receive it only upon satisfying the conditions stated in 11 U.S.C. § 727(a). See 11 U.S.C. § 727(a); see also Kontrick v. Ryan, 540 U.S. 443, 447, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). One of these conditions is the passage of a six-year period of nondis-chargeability, as provided in § 727(a)(8):
The court shall grant the debtor a discharge, unless ... the debtor has been granted a discharge under [Chapter 7 or Chapter 11] in a case commenced within 6 years before the date of the filing of the petition.
11 U.S.C. § 727(a)(8) (2000). Section 727(a)(8) thus prescribes a six-year period during which a debtor is not entitled to protection against creditors — a period of nondischargeability of debts incurred after a debtor obtained a fresh start under Chapter 7.
Section 727(a)(8)’s “unmistakable purpose” is “to prevent the creation of a class of habitual bankrupts — debtors who might repeatedly escape their obligations as frequently as they chose by going through repeated bankruptcy.” Perry v. Commerce Loan Co., 383 U.S. 392, 399, 86 S.Ct. 852, 15 L.Ed.2d 827 (1966). This purpose, “the prevention of recurrent avoidance of debts,” id. at 402, 86 S.Ct. 852, is clearly evident from the history of the six-year period of nondischargeability. Through an oversight, the Bankruptcy Act of 1898 placed no restrictions on how often a debt- or could obtain discharges under Chapter 7. Concerned that certain individuals were obtaining repeated, frequent discharges in bankruptcy, Congress enacted the six-year limitation in 1903. See Act of February 3, 1903, ch. 487, § 4, 32 Stat. 797; see also In re Seaholm, 136 F. 144, 146 (1st Cir.1905) (recounting the legislative history). Accordingly, a six-year period of nondis- *265 chargeability of debts must now follow a debtor’s discharge under Chapter 7.
Because the six-year limitation is imposed on the current petition and is determined by looking back to the previously filed petition in which a discharge was obtained, it is referred to as a “lookback” period. See Young v. United States, 535 U.S. 43, 46, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002).
Section 727(a)(8)’s period of nondis-chargeability defines certain rights of a creditor in tandem with those of a debtor. The very term “debtor” implies the existence of a creditor who would enforce his right to collect monies owed from the debt- or. The creditor’s rights are the inverse of the debtor’s. By making debts nondis-chargeable for six years, § 727(a)(8) provides a creditor a six-year period within which to lend monies to the debtor and collect them without risk that the debtor may avoid his obligations through a discharge under Chapter 7.
Chapter 13 provides individual debtors with an alternative method, distinct from Chapter 7’s liquidation method, for dealing with debts in bankruptcy, altering the rights of such debtors and their creditors during the six-year period of nondis-chargeability. Chapter 13 permits wage-earning debtors, who often lack substantial assets, to repay their debts, under the bankruptcy court’s protection, according to an extension or composition plan funded out of future earnings. See 8 Collier on Bankruptcy ¶ 1300.02. While the Chapter 13 plans often permit the debtor to repay less than the full amount of their debts, Chapter 13 nonetheless promotes repayment by providing a framework for the orderly payment of debts out of future income that would be unavailable if the creditor tried to enforce its judgment by the liquidation of a debtor’s few assets. See H.R.Rep. No. 595, at 117-18 (1977), (“The benefit [of Chapter 13] to creditors is self-evident: their losses will be significantly less than if their debtors opt for straight bankruptcy”).
Generally speaking, under the pre-2005 Code, a debtor could file a Chapter 13 petition and receive a discharge at any point, even immediately after obtaining a Chapter 7 discharge.[2] Cf Young, 535 U.S. at 46, 122 S.Ct. 1036 (noting that “the Code does not prohibit back-to-back Chapter 13 and Chapter 7 filings”); see also 8 Collier on Bankruptcy ¶ 1300.40[4]. But this possibility of a debtor entering Chapter 13 proceedings soon after a Chapter 7 discharge was not intended to undermine § 727(a)(8)’s goal of preventing debtors from repeatedly escaping their obligations and granting creditors a period to lend and collect money safely. See Perry, 383 U.S. at 399, 86 S.Ct. 852; see also Deans v. O’Donnell, 692 F.2d 968, 972 (4th Cir.1982) (“Congress never intended, of course, that Chapter 13 serve as a haven for debtors who wish to receive a discharge of unsecured debts without making an honest effort to pay those debts”). While a debtor could avail himself of Chapter 13 within § 727(a)(8)’s six-year period of nondischargeability, the intended function of Chapter 13 remained the facilitation of the debtor’s payment, not avoidance, of debts. Indeed, upon a debtor’s *266 receiving a Chapter 18 discharge, the six-year period of nondischargeability under Chapter 7 began again. See 11 U.S.C. § 727(a)(9) (denying a Chapter 7 discharge if debtor received a Chapter 13 discharge within preceding six years).
Contrary to the intended operation of Chapter 13, however, certain features of its procedure created a loophole through which debtors could avoid their obligations through serial bankruptcy filings, thereby undermining § 727(a)(8)’s six-year period of nondischargeability. As noted, upon the filing of a Chapter 13 petition, a debtor benefits from an automatic stay of any creditor action during the pendency of the petition. See 11 U.S.C. § 362(a). Yet, in keeping with the voluntary nature of Chapter 13 proceedings, § 1307(b) provides that “[o]n request of the debtor at any time ... the court shall dismiss a case” filed under Chapter 13. (Emphasis added). Section 1307(b) thus permits the debtor to exit Chapter 13 at any point, having enjoyed the protection of the automatic stay and yet without having had to pay anything to creditors, nor having had to proceed to a discharge that would restart the clock on Chapter 7’s six-year period of nondischargeability. Because the debtor controls the initiation and termination of the Chapter 13 proceeding, he could file a series of Chapter 13 proceedings, obtaining a stay with each filing, and thereby erode or even destroy the period of nondischargeability afforded creditors by § 727(a)(8). Thus, a debtor could obtain a Chapter 7 discharge; incur new debts that would be nondischargeable during the six-year period; immediately file a Chapter 13 petition and invoke the automatic stay of § 362(a); dismiss the Chapter 13 petition after the six-year period has run but before receiving a Chapter 13 discharge; and then file a Chapter 7 petition and receive a discharge of debts that were previously nondischargeable under § 727(a)(8).
The Supreme Court in Young, 535 U.S. 43, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002), confronted this loophole in a related context and closed it by applying principles of equitable tolling. I would do the same here.
In Young, the Internal Revenue Service attempted to prevent debtors from obtaining a Chapter 7 discharge of a tax debt that appeared to fall outside of the three-year lookback period of nondischargeability of tax debts, established by 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8). 535 U.S. at 46-47,122 S.Ct. 1036. Section 523(a)(1)(A) deems nondischargeable, among other debts, a tax “of the kind and for the periods specified in section ... 507(a)(8).” Section 507(a)(8)(A) in turn establishes priority of “unsecured claims of governmental units” for an income tax “for a taxable year ending on or before the date of the filing of the [bankruptcy] petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition.” Read together, these sections provide that if a governmental unit has a claim for taxes for which the return was due within the three years that preceded the bankruptcy petition’s filing, the tax debt is deemed nondischargeable by § 523(a)(1)(A). See Young, 535 U.S. at 46, 122 S.Ct. 1036.
Like Williams, the debtors in Young had filed and voluntarily dismissed a Chapter 13 petition, the pendency of which triggered the § 362(a) automatic stay and prevented the IRS from collecting the debt during the three-year lookback period. After the lookback period ended, the debtors filed a Chapter 7 petition, seeking a discharge of the tax debt. The Young Court described the loophole, which is the same I described above, as follows:
*267 Since the Code does not prohibit back-to-back Chapter 13 and Chapter 7 filings (as long as the debtor did not receive a discharge under Chapter 13, see §§ 727(a)(8), (9)), a debtor can render a tax debt dischargeable by first filing a Chapter 13 petition, then voluntarily dismissing the petition when the lookback period for the debt has lapsed, and finally refiling under Chapter 7. During the pendency of the Chapter 13 petition, the automatic stay of § 362(a) will prevent the IRS from taking steps to collect the unpaid taxes, and if the Chapter 7 petition is filed after the lookback period has expired, the taxes remaining due will be dischargeable.
535 U.S. at 46,122 S.Ct. 1036.
To close the loophole, the Court applied equity, reasoning that the three-year look-back period “is a limitations period subject to traditional principles of equitable tolling.” 535 U.S. at 47, 122 S.Ct. 1036. The Court affirmed that “limitations periods are customarily subject to ‘equitable tolling,’ unless tolling would be inconsistent with the text of the relevant statute.” Id. at 49, 122 S.Ct. 1036 (quotation marks and citations omitted). Traditionally, tolling has been applied in cases “where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary’s misconduct into allowing the filing deadline to pass.’ ” Id. at 50, 122 S.Ct. 1036 (quoting Irwin v. Dep’t of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)). Despite the absence of these traditional reasons for tolling, the Young Court concluded that tolling of the three-year lookback period was appropriate in bankruptcy to close the loophole: “The Youngs’ Chapter 13 petition erected an automatic stay under § 362, which prevented the IRS from taking steps to protect its claim. When the Youngs filed a petition under Chapter 7, the three-year lookback period therefore excluded time during which their Chapter 13 petition was pending.” Id. at 50, 122 S.Ct. 1036. The very fact that “the IRS was disabled from protecting its claim during the pendency of the Chapter 13 petition” justified the tolling of the three-year period. Id. (emphasis added).
The instant case resembles Young in all material respects. Young concluded that the three-year lookback period of § 523(a)(1)(A) “is a limitations period because it prescribes a period within which certain rights (namely, priority and nondis-chargeability in bankruptcy) may be enforced.” See Young, 535 U.S. at 47, 122 S.Ct. 1036. Likewise, the six-year look-back period of § 727(a)(8) is a limitations period because it prescribes a period within which a certain right — nondischargeability under Chapter 7 — may be enforced. The Young Court then focused on the fact that “the lookback period serves the same ‘basic policies [farthered by] all limitations provisions: repose, elimination of stale claims, and certainty about a plaintiffs opportunity for recovery and a defendant’s potential liabilities.’ ” Id. at 47, 122 S.Ct. 1036 (quoting Rotella v. Wood, 528 U.S. 549, 555, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000)). Section 787(a)(8) provides a measure of repose: after the six-year lookback period elapses, debts become fully dis-chargeable, subject to Chapter 7’s provisions. And § 787(a)(8) provides creditors and debtors with certainty that during the six-year lookback period, debts may not be discharged under Chapter 7. Given the similarities between the lookback periods in Young and this case, as well as the reasoning of Young, one must conclude that § 727(a)(8) is a limitations period and therefore subject to tolling.
The majority opinion, however, reaches the opposite conclusion, holding that *268 § 727(a)(8) is not a limitations period and therefore is not subject to tolling. Ante at 255. Citing non-bankruptcy cases that do not purport to define a “limitations period,” the majority declares two required elements of a limitations period subject to tolling: the provision of “a specified period of time within which the plaintiff must act to pursue a claim in order to preserve a remedy,” and the period’s “com-menc[ement] when the plaintiff has (or discovers that he has) a complete and present cause of action.” Ante at 255-56 (citations omitted).
While these elements accurately describe many statutes of limitations, neither Young, the most applicable precedent, nor any other authority cited by the majority suggests that these are necessary conditions for deeming a lookback period to be a limitations period. Rather than elaborating a formal doctrine of the metaphysics of a limitations period, Young instead assessed the lookback period’s function— prescribing a period within which certain rights may be enforced — and its purposes-repose, certainty of parties’ rights, etc. See 535 U.S. at 47, 122 S.Ct. 1036.
Following Young, bankruptcy courts have tolled a limitations period that lacks the majority’s elements and that is closely related to the limitations period at issue here. Section 727(a)(2)(A) imposes another condition on obtaining a Chapter 7 discharge, stating that “The court shall grant the debtor a discharge, unless — the debtor, with intent to hinder, delay, or defraud a creditor ... has transferred, removed, destroyed, mutilated, or concealed ... property of the debtor, within one year before the date of the filing of the petition.” This one-year lookback period, which focuses on the debtor’s conduct, neither prescribes a period of time within which a claimant must act nor commences when the claimant has a complete cause of action. Bankruptcy courts have nevertheless held that § 727(a)(2)(A)’s one-year lookback period is tolled during the pendency of a debtor’s prior bankruptcy proceeding. See In re Womble, 299 B.R. 810 (N.D.Tex.2003), aff'd 108 Fed.Appx. 993 (5th Cir.2004); In re Seeber, No. 03-19567, 2005 WL 4677823 (Bankr.E.D.La. July 5, 2005); In re Riley, No. 01-4452, 2004 WL 2370640 (Bankr.D.Hawai’i April 20, 2004).
Similarly, courts have tolled the look-back period in § 109(g) of the Bankruptcy Code, even though it contains neither of the majority’s elements and functionally resembles § 787(a)(8). Section 109(g)(2) prevents one from being a debtor under the Bankruptcy Code within 180 days of having obtained a voluntary dismissal of an earlier filed case. See 11 U.S.C. § 109(g)(2). Section 109(g)(2) does not, on its face, prescribe a period of time within which a claimant must act. It operates with reference to the debtor’s conduct and does not commence when a cause of action of the creditor accrues. Nonetheless, courts have routinely tolled § 109(g)(2)’s lookback period when a debtor’s conduct prevented creditors from being able to enforce their debts within its time frame. See, e.g., In re Dickerson, 209 B.R. 703, 708 (W.D.Tenn.1997); In re Moody, 336 B.R. 876, 880 (Bankr.S.D.Ga.2005); In re Rives, 260 B.R. 470, 471-72 (Bankr.E.D.Mo.2001); In re Berts, 99 B.R. 363, 365 (Bankr.N.D.Ohio 1989); In re Wilson, 85 B.R. 72, 72 (Bankr.N.D.Ill.1988).
Even taking the majority on its own terms, only by a superficial reading of § 727(a)(8) can one say that it does not provide a specified period of time within which the creditor must act to preserve certain remedies. While § 727(a)(8) does not, on its face, address “creditors,” the obvious and undisputed operation of § 727(a)(8) is to set a time limit on the nondischargeability of debts, and thereby *269 to set a time limit on creditors’ rights to enforce the nondischargeability of debts.[3]
As for its second criterion, the majority notes that § 727(a)(8)’s lookback period is measured not from the time a creditor has a present cause of action but from the time a debtor files the first Chapter 7 petition. This distinction has no intrinsic significance, though. A statute may operate as a limitations period, prescribing a time within which rights may be enforced, by referencing any measuring point. And Congress, of course, may choose any point it. wishes from which to measure a limitations period. The majority is troubled that § 727(a)(8) could provide varying periods of time to enforce the nondischargeability of various debts, depending on the date the debts were incurred. While this result differs from the typical statute of limitations, it simply reflects Congress’s choice of a different measuring point. Indeed, the Supreme Court in Young rejected a similar argument that §§ 523(a)(1) and 507(a)(8)(A) did not constitute a limitations period because those sections create the potential for situations in which the IRS would have less than three years to collect a tax debt. See 535 U.S. at 48-49, 122 S.Ct. 1036.
Ill
Given that § 727(a)(8) is a limitations period under the fully applicable reasoning of Young, it should be tolled “unless tolling would be ‘inconsistent with the text of the relevant statute.’ ” See Young, 535 U.S. at 49, 122 S.Ct. 1036 (quoting United States v. Beggerly, 524 U.S. 38, 48, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998)). Tolling is appropriate here for the same reason the Supreme Court found it appropriate in Young — Williams’ Chapter 13 petition erected an automatic stay under § 362(a), which destroyed or reduced Tidewater Finance’s time for collecting the debt or enforcing its judgment. See id. at 51, 122 S.Ct. 1036. Because Tidewater Finance was so disabled during the pendency of the Chapter 13 petition, “this period of disability tolled the [six-year] lookback period when” Williams filed her Chapter 7 petition. Id. at 50-51,122 S.Ct. 1036.
Far from being inconsistent with § 727(a)(8), tolling the six-year lookback period during the pendency of a debtor’s Chapter 13 petitions promotes its purpose. Section 727(a)(8) is meant to require a debtor who has received a “fresh start” under Chapter 7 to spend six years acting financially responsibly, not avoiding debts through a discharge. See Perry, 383 U.S. at 402, 86 S.Ct. 852. In the same vein, § 727(a)(8) is meant to create certainty for creditors that the debts they are owed will not be discharged within that six-year period. Not only does this certainty benefit creditors, it also benefits debtors. With the protection afforded by the six-year period of nondischargeability, creditors become more willing to lend money to debtors with poor credit histories (due to a previous Chapter 7 discharge) at lower rates than they would without the protection of § 727(a)(8).
Section 727(a)(8) leaves open, of course, the possibility that a debtor might resort to Chapter 13 during the six-year period, and so the six-year period of nondischarge-ability is not unqualified. But a debtor who resorts to Chapter 13 and performs *270 her obligations under the Chapter 13 plan will have made at least some payments to creditors out of her income. And creditors in a Chapter 13 proceeding are given certain protections, including the right to object to the Chapter 13 plan. See 11 U.S.C. § 1325(b). If a creditor makes such an objection, the plan may not be confirmed unless the creditor’s claim is paid in full or the plan directs that the full amount of the debtor’s disposable income in a three-year period be paid to unsecured claims. Id. Then, upon the debtor’s completion of the Chapter 13 plan and the entry of a discharge, a new six-year period of nondis-chargeability under Chapter 7 begins. See 11 U.S.C. § 727(a)(9). In these ways, the qualification on § 727(a)(8)’s lookback period posed by a Chapter 13 proceeding affords significant protections to creditors and works in harmony with the policies of § 727(a)(8). It is the filing and dismissing of Chapter 13 petitions without taking steps toward making payments under a plan that eviscerates the § 727(a)(8) period of nondischargeability. Tolling the six-year period during these aborted Chapter 13 petitions — regardless of whether they were deliberate attempts to avoid the six-year period of dischargeability or not — is therefore both necessary and appropriate to prevent the circumvention of § 727(a)(8).
Indeed, consider the perverse incentives the Bankruptcy Code would create if § 727(a)(8)’s period of nondischargeability were not tolled. One debtor who enters Chapter 13 and completes her Chapter 13 plan as intended by Chapter 13, making payments to creditors and receiving a discharge, must wait six years to obtain a Chapter 7 discharge. See 11 U.S.C. § 727(a)(9). Yet another debtor who enters Chapter 13 and then dismisses her case before completing her plan and receiving a discharge would be able to obtain a Chapter 7 discharge much sooner.
The majority finds tolling inappropriate because it would “allow all creditors to benefit from equitable tolling — even those that were not at all affected by the Chapter 13 proceeding that caused the tolling.” Ante at 258. While the doctrine of equitable tolling generally applies on a case-by-case basis, depending on the equities of the respective parties, see Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir.2000), the tolling applied by the Supreme Court in Young was categorical. See 535 U.S. at 50-51, 122 S.Ct. 1036 (“Tolling is in our view appropriate regardless of petitioners’ intentions when filing back-to-back Chapter 13 and Chapter 7 petitions — whether the Chapter 13 petition was filed in good faith or solely to run down the lookback period ”) (emphasis added). I would apply tolling in the same manner here. Moreover, no unfairness lies in the fact that a later creditor would benefit from the full tolling of the period of nondischargeability. It is the creditor who suffers loss when the debt is discharged, and the extended period of nondischargeability confers only the unremarkable right to collect monies lawfully owed. As for the debtor, he obtained the benefit of the Chapter 13 proceedings, and the extended period of nondischarge-ability imposes only the burden of paying monies lawfully owed.
The majority also concludes that tolling is unwarranted in this case because “Congress has provided bankruptcy courts with several tools to remedy any ‘loophole’ of the sort feared by Tidewater.” Ante at 258 (citing 11 U.S.C. §§ 105(a), 362(d), 109(g)(2), 349(a); 11 U.S.C.A. § 362(c)(3) (West 2007)). In so concluding, the majority effectively rejects the Supreme Court’s decision in Young. For these same remedies, save the 2005 amendments to the Code which are inapplicable in this case, were also available in Young. Despite the existence of these alternative remedies, *271 however, the Young Court deemed the filing and dismissal of a Chapter 13 petition a “loophole” and acted to close it.
Additionally, the remedies the majority points to are available only for cause, essentially a showing that the debtor is acting in bad faith. See 11 U.S.C. § 105(a) (permitting a bankruptcy court to take action “to prevent an abuse of process”); id. § 362(d) (directing a court, upon request of a creditor, to lift a stay “for cause”); id. § 109(g)(2) (prohibiting a person from filing a bankruptcy petition for 180 days after voluntarily dismissing a petition following a creditor’s request for a lift of the stay under § 362(d)); id. § 349(a) (permitting the court, “for cause,” to order that dismissal of a petition bars a later discharge of debts that were dis-chargeable in the dismissed petition). Young, however, diagnosed the loophole and conditioned tolling with reference to the effect that a Chapter 13 petition had on a creditor, not with reference to the motivation of the debtor: “Tolling is in our view appropriate regardless of petitioners’ intentions.... In either case, the IRS was disabled from protecting its claim during the pendency of the Chapter 13 petition.” 535 U.S. at 50-51, 122 S.Ct. 1036. Similarly, even if Williams filed and dismissed each of her Chapter 13 petitions in good faith, the fact remains that Tidewater Finance’s statutory rights were diminished, being disabled from enforcing the nondis-chargeability of Williams’ debt during the full six-year period provided for by § 727(a)(8).
Neither does the fact that Congress amended the Bankruptcy Code to limit a debtor’s ability to benefit from the stay of § 362(a) upon filing a Chapter 13 petition preclude tolling of § 727(a)(8). See Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8, §§ 302, 303, 119 Stat. 23. The majority’s implicit presumption that Congress’s expression of certain remedies excludes all others, see ante n. 10, while valid in many statutory schemes, is invalid as to the Bankruptcy Code. Bankruptcy courts “ ‘apply the principles and rules of equity jurisprudence,’ ” including the doctrine of tolling, and “Congress must be presumed to draft limitations periods in light of this background principle.” Young, 535 U.S. at 49-50, 122 S.Ct. 1036 (quoting Pepper v. Litton, 308 U.S. 295, 304, 60 S.Ct. 238, 84 L.Ed. 281 (1939)); see also Holmberg v. Armbrecht, 327 U.S. 392, 397, 66 S.Ct. 582, 90 L.Ed. 743 (1946) (“This equitable [tolling] doctrine is read into every federal statute of limitation”). If anything, Congress’s action to prevent abusive appeals to Chapter 13 proves the need to apply tolling in this case when only the bankruptcy court’s equity power could protect Williams’ creditors.
Finally, I would reject also the district court’s holding that, assuming § 727(a)(8) is subject to equitable tolling, it would be inappropriate to toll the lookback period here “because Tidewater Finance voluntarily chose not to protect its rights during the period between Williams’ Chapter 7 cases.” Under the reasoning of Young, section 727(a)(8)’s lookback period was, as a categorical rule, tolled during the pen-dency of Williams’ Chapter 13 petitions. This tolling does not depend on whether Tidewater Finance acted during the gaps of time during which Williams was not protected by § 362 stays. Such a rule would impose an impractical burden on creditors to monitor debtors’ conduct. Since the lookback period was tolled during the pendency of the Chapter 13 petitions, Tidewater Finance acted within the tolled six-year period to enforce its right to nondischargeability.
I would accordingly reverse the order of the district court and remand this case *272 with instructions to enter summary judgment in favor of Tidewater Finance.

. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 made extensive changes to the Bankruptcy Code, including extending the lookback period under 11 U.S.C. § 727(a)(8) to eight years. See Pub.L. No. 109-8, § 312(1), 119 Stat. 38. The pre-2005 version of the Bankruptcy Code governs this case because Williams filed her Chapter 7 petition before the 2005 Act took effect. Therefore all citations in this opinion refer to the pre-2005 Code, unless otherwise noted.

. Under the 2005 amendments, a debtor may not obtain a Chapter 13 discharge in a case filed within two years of the filing of an earlier Chapter 13 petition that yielded a discharge, or within four years of the filing of an earlier Chapter 7, 11, or 12 petition that yielded a discharge. See 11 U.S.C.A. § 1328(f) (West 2007). Also under the 2005 amendments, the automatic stay of § 362 for a Chapter 13 petition is subject to qualifications if the debtor filed and dismissed a Chapter 13 petition in the previous year. See id. § 362(c)(3), (4).

. Attempting to show that § 727(a)(8) does not set time limits on a creditor's rights, the majority notes the remote possibility that a second debtor, one entitled to a discharge, could be substituted for the unentitled debtor. Ante at n. 8. As the Young Court noted, however, the fact that a limitations period affects "only some, and not all legal remedies,” means simply that it is "a more limited statute of limitations, but a statute of limitations nonetheless.” 535 U.S. at 47-48, 122 S.Ct. 1036.