FILED

JUN 08 2017

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. AZ-16-1239-LBJu |
| | ) | |
| DUSTIN ROGER CHANTEL and ELIZABETH DARLENE CHANTEL, | ) ) | Bk. No. 0:13-bk-11909-EPB |
| | ) | |
| Debtors. | ) | |
| _____ | ) ) | |
| DUSTIN ROGER CHANTEL; ELIZABETH DARLENE CHANTEL, | ) ) ) | |
| Appellants, | ) ) | |
| v. | ) ) | **M E M O R A N D U M**[*] |
| DITECH FINANCIAL LLC, fka Green Tree Servicing LLC, | ) ) ) | |
| Appellee. | ) ) | |
| _____ | ) | |

Submitted Without Argument on May 18, 2017

Filed - June 8, 2017

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Eddward P. Ballinger, Jr., Bankruptcy Judge, Presiding
_____

Appearances:   Appellants Dustin Roger Chantel and Elizabeth Darlene Chantel, pro se on brief; Mark W. Drutz, Thomas P. Kack, and Jeffrey Gautreaux of Musgrove Drutz Kack & Flack, PC on brief for Appellee Ditech Financial LLC.
_____

Before: LAFFERTY, BRAND, and JURY, Bankruptcy Judges.

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

**INTRODUCTION**

Appellee Ditech Financial LLC ("Ditech") moved for relief from the automatic stay in Appellants-Debtors' chapter 7[1] bankruptcy, seeking to foreclose on its security interest in Debtors' residence in Kingman, Arizona (the "Property") and to resolve priority disputes with judgment lien creditors. Ditech alleged that Debtors had no equity in the real property and that Debtors had not been making payments. Debtors opposed the motion but presented no evidence to refute those allegations; they instead argued that Ditech lacked standing and that Ditech's deed of trust was void. After a hearing, the bankruptcy court granted relief from stay, and Debtors appealed. We AFFIRM.

**FACTS**

Debtors filed a chapter 13 petition on July 11, 2013. The case was dismissed on August 7, 2013, for failure to file a plan timely; in response, Debtors filed a motion to reinstate the case and convert it to chapter 7, which the bankruptcy court granted. The order reinstating the case was entered August 12, 2013. Debtors did not list any real property on Schedule A. On Schedule G, Executory Contracts and Unexpired Leases, Debtors listed a lease with an entity called Chan-Lan Trust (the "Trust"), with the explanation "lease of land for farming." The Trust was actually an entity created in 1995 by Debtors, who were its settlors, trustees, and beneficiaries. The Trust held

---

[1]Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "LBR" references are to the Local Rules of Bankruptcy Procedure for the District of Arizona.

various assets (including the Property) for the benefit of Debtors.

Shortly after the case was converted, the chapter 7 trustee, William E. Pierce ("Trustee"), and the United States Trustee ("UST") each filed separate adversary proceedings seeking denial of Debtor's discharge under § 727(a) based on Debtors' failure to disclose their interests in the Trust and for failure to disclose pre- and post-petition transfers of real property held in the name of the Trust. Trustee also sought a declaration that property held by the Trust was property of the estate. The adversary proceedings were consolidated for trial, and on November 11, 2014, the bankruptcy court entered judgments for Trustee and UST. Both judgments denied Debtors' discharge under various subsections of § 727(a); the judgment in Trustee's adversary proceeding also declared the property held by the Trust to be property of the estate and ordered turnover of that property to Trustee. Debtors appealed both judgments; this Panel affirmed the judgment declaring the Trust assets to be property of the estate and ordering turnover and for denial of discharge under § 727(a)(2)(A), (a)(2)(B), and (a)(4) and reversed the denial of Debtors' discharge under § 727(a)(3) and (a)(4)(D). Debtors appealed the Panel's decision to the Ninth Circuit Court of Appeals; those appeals remain pending.

On April 26, 2016, Ditech filed a motion for relief from stay ("Stay Motion") to commence judicial foreclosure on the Property and to resolve a priority dispute with judgment creditors Mohave Electric Cooperative Incorporated and Federated Cooperative Rural Electric Exchange, Inc. (collectively,

-3-

"Judgment Creditors"). According to the Stay Motion, Countrywide Home Loans, Inc. loaned Dustin Chantel $249,200 in 2005; Mr. Chantel executed a note and deed of trust encumbering the Property. The deed of trust was thereafter assigned to Green Tree Servicing, LLC ("Green Tree"), which was subsequently renamed as Ditech. Shortly after Debtors filed their bankruptcy case, Green Tree loaned $168,520 to Debtors, as trustees of the Trust, to refinance the 2005 loan; the loan was secured by a deed of trust recorded August 7, 2013.[2] Ditech asserted that although Judgment Creditors had recorded their judgments on December 13, 2012 and June 11, 2013, Ditech's deed of trust had priority over those judgment liens because the 2013 deed of trust "replaced" the 2005 deed of trust. Ditech intended to litigate that issue in the context of a judicial foreclosure.

Ditech contended that the Property was worth $118,594 based on the 2016 Mohave County Assessor's assessment of "full cash value." Ditech asserted that it was owed $168,520 and that the Property was also encumbered by the judgment liens totaling approximately $200,000, thus Debtors had no equity in the Property. Further, Ditech alleged that Debtors were not making payments on the loan. Ditech also alleged that the Property was not necessary to an effective reorganization because Debtors were in a chapter 7.

---

[2]The recording of the deed of trust does not appear to have been a stay violation: the order dismissing the chapter 13 case was entered on August 7, 2013 at 9:47:30; the 2013 deed of trust was recorded August 7, 2013 at 9:49:00. The bankruptcy court entered an order reinstating the case on August 13, 2013. Moreover, at the time the deed of trust was recorded, the Property was still in the name of the Trust.

-4-

Included as attachments to the Stay Motion were a copy of the recorded 2013 deed of trust and a copy of a page from the Mohave County Assessor's website showing the assessed values of the Property for 2015, 2016, and 2017. On July 15, 2016, Ditech filed the declaration of Patricia Luna ("Luna Declaration") supporting the facts asserted in the Stay Motion.

Debtors filed an opposition, asserting (1) that Ditech did not have standing to bring the motion, (2) that the 2013 deed of trust attached to the motion was not valid; and (3) that the Property was worth $320,000 based on an unauthenticated "Letter of Appraisal" dated April 25, 2016, which was attached to the opposition.[3]

With respect to standing, Debtors alleged that shortly after the 2013 deed of trust was executed, Green Tree had sold its interest in the deed of trust to Fannie Mae. Debtors attached to their opposition an unauthenticated copy of a letter to Dustin Chantel dated March 31, 2016, from the Fannie Mae Resource Center confirming that Fannie Mae "is the investor" on the Property.

Regarding the validity of the 2013 deed of trust, Debtors alleged that the borrowers were misidentified as "Dustin Chantel and Elizabeth D. Chantel, Trustees of the Chan-Lan Trust dated September 9, 1995." It is not clear why Debtors believed this designation was incorrect; they stated only that "the wording

_____

[3]Debtors did not include a copy of their opposition with their excerpts of record. However, we have exercised our discretion to examine the bankruptcy court's docket and imaged papers in Case No. 13-11909 and related adversary proceedings. Woods & Erickson, LLP v. Leonard (In re AVI, Inc.), 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

placed in the document clearly represented a different entity than the entity that the [Debtors] were trustee of." Debtors stated that the notary who brought the deed of trust to their home for signatures told them that the deed of trust could not be changed but that Debtors could contact the lender within three days to make the correction or cancel the transaction. Debtors alleged that they did so but that the deed of trust was never corrected or cancelled and thus the Property was "clouded with an invalid Deed of Trust." According to the Luna Declaration, Green Tree never received a notice of cancellation from Debtors, and the copy of the unauthenticated cancellation letter Debtors produced in the bankruptcy court appears to have been sent to Fannie Mae, not Green Tree.

Debtors made additional assertions in their opposition: (1) that the 2013 deed of trust could not have been a "replacement" deed of trust for the 2005 deed of trust because the borrower's names were different and the 2013 deed of trust indicated that the loan was made in California; and (2) that $3,808.38 added to the principal balance for accruing interest was actually for "commissions, title insurance costs, fees, documentation fees, recording fees and other miscellaneous fees that Green Tree Servicing, LLC charged." Debtors also accused Green Tree/Ditech and their counsel of acting in bad faith and presenting false and misleading information to the court. No supporting declaration was filed with the opposition.

Judgment Creditors jointly filed a motion to intervene in the relief from stay matter, disputing Ditech's contention that the 2013 deed of trust related back to the 2005 deed of trust so

as to take priority over Judgment Creditors' liens.

Trustee did not file a response to the Stay Motion.

The bankruptcy court held a preliminary hearing on June 15, 2016, and continued the matter to July 20, 2016, at the request of counsel for Ditech and Judgment Creditors, who indicated they believed they would be able to settle their priority dispute. At the continued hearing on July 20, 2016, counsel for Judgment Creditors indicated that he had spoken to Trustee's counsel and that Trustee had no objection to the Stay Motion. Ditech's counsel stated that an agreement had been reached with Judgment Creditors regarding the priority issue, which was to be litigated in state court once the stay was lifted. With that, the bankruptcy court took the matter under advisement; later that day, the court granted the Stay Motion. Debtors timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court abuse its discretion in granting Ditech's Stay Motion?

## STANDARDS OF REVIEW

We review for abuse of discretion the bankruptcy court's order granting relief from stay. Leafty v. Aussie Sonoran Capital, LLC (In re Leafty), 479 B.R. 545, 550 (9th Cir. BAP 2012). A bankruptcy court abused its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record. TrafficSchool.com,

-7-

*Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

We may affirm on any basis supported by the record. *Caviata Attached Homes, LLC v. U.S. Bank, N.A.*, 481 B.R. 34, 44 (9th Cir. BAP 2012).

**DISCUSSION**

Under § 362(d), the bankruptcy court shall grant relief from the automatic stay:

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if–
>
> > (A) the debtor does not have an equity in such property; and
> >
> > (B) such property is not necessary to an effective reorganization[.]

The bankruptcy court did not make explicit findings as to its reason for granting relief from stay. However, "[e]ven when a bankruptcy court does not make formal findings, [we] may conduct appellate review if a complete understanding of the issues may be obtained from the record as a whole or if there can be no genuine dispute about omitted findings." *Veal v. Am. Home Mortg. Serv'g, Inc. (In re Veal)*, 450 B.R. 897, 919-20 (9th Cir. BAP 2011) (citations and quotations omitted).

The record before us supports the bankruptcy court's ruling. Ditech alleged facts that would support stay relief under either § 362(d)(1) or (2). First, Ditech alleged that Debtors were not making payments on the obligation and that there was no equity cushion to provide adequate protection for Ditech's interest in the Property, thus supporting a conclusion that Ditech was not

-8-

adequately protected.  Second, Ditech alleged that Debtors lacked equity in the Property and that the Property was not necessary to an effective reorganization.

In response, the only plausible argument Debtors offered was that the Property was worth more than Ditech asserted.  Although neither party presented authenticated evidence of value, even accepting the higher value of $320,000 asserted by Debtors, they had no equity in the Property: liens against the Property totaled approximately $368,520.  Debtors did not dispute the amount of the liens, nor did they dispute the allegations that they had not been making payments or that they did not need the Property for an effective reorganization.

The other arguments advanced by Debtors in the bankruptcy court and in this appeal (that Ditech lacks standing, the deed of trust is void, and Debtors are entitled to a homestead exemption) are issues that the bankruptcy court did not need to address in the context of the Stay Motion:

> Relief from stay proceedings . . . are primarily procedural; they determine whether there are sufficient countervailing equities to release an individual creditor from the collective stay.  One consequence of this broad inquiry is that a creditor's claim or security is not finally determined in the relief from stay proceeding.
>
> . . . .
>
> Given the limited nature of the relief obtained through a motion for relief from the stay, the expedited hearing schedule § 362(e) provides, and because final adjudication of the parties' rights and liabilities is yet to occur, this Panel has held that a party seeking stay relief need only establish that it has a colorable claim to enforce a right against property of the estate.

In re Veal, 450 B.R. at 914-15 (citations omitted).

-9-

On appeal, Debtors make essentially the same arguments they made to the bankruptcy court: that Ditech lacked standing and that the Property is worth more than Ditech alleged. Debtors' standing argument is premised upon their belief that the deed of trust was transferred to Fannie Mae. However, the record shows that Fannie Mae is an **investor** in the loan and not the holder of the note or deed of trust. The Luna Declaration indicated that the deed of trust secured a note for $168,520.00 and that Green Tree loaned those funds to Debtors, and the deed of trust reflects that Green Tree was the lender. These documents established that Ditech, which is merely the renamed version of Green Tree, had a colorable claim to enforce its deed of trust against the Property.

As for value, Debtors contend that a loan of $249,200 was obtained against the Property in 2005 and thus the Property was worth at least $300,000 at that time, and assessments have increased since then. However, as noted, even if the Property were worth the $320,000 asserted by Debtors, the encumbrances against the Property exceeded that value, leaving no equity for Debtors or the estate.

Debtors also seem to argue that because of the appeal pending at the Ninth Circuit Court of Appeals, the bankruptcy court lacked jurisdiction to grant the Stay Motion. However, a pending appeal divests the trial court of jurisdiction only "over those aspects of the case involved in the appeal." Marino v. Classic Auto Refinishing, Inc. (In re Marino), 234 B.R. 767, 769 (9th Cir. 1999) (citing Trulis v. Barton, 107 F.3d 685, 694–95 (9th Cir. 1995)). One of the pending Ninth Circuit appeals

-10-

involves the issue of whether the Property should be deemed to be property of the estate. The outcome of that appeal would have no impact on the issues involved in the Stay Motion, which is "limited to issues of the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization." Johnson v. Righetti (In re Johnson), 756 F.2d 738, 740 (9th Cir. 1985) (overruled on other grounds by Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co., 549 U.S. 443 (2007)).

Debtors include in their brief a number of allegations that are not supported by the record and have no bearing on the issues relevant to this appeal. Debtors allege that Trustee, creditors, their attorneys, and even the bankruptcy judge engaged in a scheme to harm Debtors. Debtors allege they transferred property worth $223,138.47 to Trustee but that Trustee did not acknowledge or record payment of that judgment.[4] Debtors further allege that Trustee is holding the case open for the sole purpose of collecting fees. Debtors accuse Trustee of retaliating against Debtors for pointing out Trustee's and his counsel's "fraudulent wrongful actions." As for Ditech, Debtors allege that the filing of the Stay Motion was an act to cover up Green Tree's sale of a null and void document to Fannie Mae. Debtors go so far as to allege unspecified "criminal activity," but there is simply

[4] Debtors seem to assert that $223,138.47 transferred to the Trustee was to pay off the Judgment Creditors' liens, but that assertion makes no sense. As noted, Trustee had obtained a judgment from the bankruptcy court that ordered Debtors to turn over to Trustee all real and personal property of the Chan-Lan Trust; thus, any funds or property transferred to Trustee was likely in satisfaction of that judgment.

-11-

nothing in the record to support these allegations. And even if there were evidence of such activity, these are questions that would need to be dealt with by the bankruptcy court in the first instance. Finally, Debtors include in their brief an incomprehensible discussion of "legal reform driven by divine intelligence." These arguments and allegations are not relevant to lack of adequate protection, equity, or necessity of the property to an effective reorganization, which, as noted, are the only issues involved in determining whether to grant stay relief, In re Johnson, 756 F.2d at 740; thus we need not consider them.

**CONCLUSION**

Simply put, Debtors have not demonstrated that the bankruptcy court applied an incorrect legal standard or that its (implicit) findings were illogical, implausible or without support in the record. On the record before us, and given the limited issues decided in the context of a motion for relief from stay, we find no abuse of discretion by the bankruptcy court. Accordingly, we AFFIRM.